Mennetti, Respondent, vs. West Side Businessmen's Association, Appellant.

*March 12—May 1, 1945.*

588

For the appellant there was a brief by *Wilkie, Toebaas, Hart & Jackman* of Madison, and oral argument by *Lawrence E. Hart.*

For the respondent there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith.*

FAIRCHILD, J.  The faulty construction of the platform on which plaintiff was to perform his act is sufficiently established to sustain a finding that the platform was not safe. It is also evident that plaintiff's fall was due to a condition which developed because of existing defects.  To escape liability, the defendant first contends that the structure is not a "place of employment."  However, the use to which the platform was to be put and the relation of the men engaged there to the defendant's operation, resulted in creation by defendant of a place in which work to be done  was under the control of an employer.

"The phrase 'place of employment' shall mean and include every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business, is carried on, and where any person is, directly or indirectly, employed by another for direct or indirect gain or profit. . . ." Sec. 101.01 (1), Stats.

Here, the plaintiff was carrying on his business of providing entertainment for profit and, though his employment was merely temporary, it is as much the conducting of a business, trade, or industry as the more permanent operation

of a theater or concert hall. If plaintiff was not an employee, and is to be classed as an independent contractor not subject to the direction or control of the defendant but merely under a contract to perform his act, he is still within the protected realm as a frequenter. The production of these vaudeville acts by the defendant entailed much more than the mere construction of a platform. By the contract binding upon defendant, it was required to furnish music, lights, and a public-address system. And there is testimony that an employee of the Harloff Electric Company, which installed the lights, and an employee of Mr. Fessler, who had the contract to install the sound system, were engaged in their occupations Thursday and Friday nights supervising the light and sound systems on and around the stage. The words, "place of employment" are descriptive. They furnish an outline of a definition and, as used in the statute, indicate a purpose to protect employees and lawful frequenters. Those words naturally carry the idea of a place necessarily used by one or more persons engaged in an enterprise for the purpose of gain or profit, direct or indirect. The platform being a place of employment, and the defendant as owner having the right of supervision, control, and custody of the platform, the defendant is liable to either a frequenter or employee for failing to maintain it in a safe condition. *Waskow v. Robert L. Reisinger & Co.* (1923) 180 Wis. 537, 193 N. W. 357; *Engel v .T. L. Smith Co.* (1917) 164 Wis. 515, 159 N. W. 728; *Peschel v. Klug* (1920), 170 Wis. 519, 175 N. W. 805.

The case of *Waldman v. Young Men's Christian Asso.* (1938) 227 Wis. 43, 277 N. W. 632, is clearly distinguishable from the case at bar. There, a boy, injured when struck by an improvised diving board in a swimming pool in the Young Men's Christian Association building, was denied recovery under the safe-place statute because the place was not one of employment. Here, the plaintiff was a professional entertainer presenting his act for the defendant as-

sociation for the purpose of direct financial gain for himself and indirect benefit to the association through the advertising benefits the fair would confer. The employees of the electrical contractor and the radio company were there employed "for profit." And under the arrangement for the performance the plaintiff could be "required or directed by an employer" to be on duty at a given time and place. See sec. 101.01 (4), Stats. The place-of-employment doctrine under the statute applies.

The remaining questions relate to the sufficiency of the evidence in support of the verdict that defendant did not maintain the platform in a safe condition pursuant to sec. 101.06, Stats.; that such failure was the cause of the accident; and the charge that as a matter of law plaintiff was contributorily negligent.

As to the former, a review of the evidence satisfies us that the platform provided was weak and not adapted to the purposes for which it was to be used, and that the circumstances of the accident reasonably raise the inference that the accident was caused by the platform beneath the leg of plaintiff's table giving way and a sinking of the floor. The testimony of Stanley Rich, as previously set out, concerning the position of the hole in the floor in relation to the place where the tables were set up and the direction in which the tables fell when the accident occurred, justifies this inference.

As to the claim of contributory negligence, we are of the opinion expressed by the learned trial judge, under the facts established, that this amounts to nothing more than an allegation of assumption of risk. That defense under the "safe-place" statute is not available either against an employee or frequenter. *Washburn v. Skogg* (1931), 204 Wis. 29, 233 N. W. 764, 235 N. W. 437; *Bent v. Jonet* (1934), 213 Wis. 635, 252 N. W. 290; *Neitzke v. Kraft-Phenix Dairies, Inc.*, (1934) 214 Wis. 441, 253 N. W. 579.

*By the Court.*—Judgment affirmed.