KLEIN, Appellant, vs. MONTGOMERY WARD & COMPANY, Respondent.

*February 3—March 3, 1953.*

318

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

For the respondent there was a brief by *Rieser, Mathys, McNamara & Stafford* of Madison, and oral argument by *Clifford G. Mathys.*

BROWN, J.   We have no doubt that the so-called admission should have been excluded and its receipt in evidence was not rendered unprejudicial by the instruction on it. Appellant relies on *United American Fire Ins. Co. v. American Bonding Co.* (1911), 146 Wis. 573, 131 N. W. 994, to establish the admissibility of the manager's statement. In that case an employee admitted that he had embezzled some collections. We held that the admission was made while the employee was performing his contract obligation to account

for moneys collected and was admissible as part of the *res gestae*. Two justices dissented on the majority's interpretation of both facts and law. In the instant case the employee was manager of the store. He left such management to perform a kindly, humane act but one which was not part of his managerial duty, and he was not within the scope of his duty when he made the statement complained of. Neither was the statement made simultaneously with the accident, or nearly so, but rather in a later conversation concerning the circumstances of the accident. We perceive nothing which can bring this statement within the principles of agency or that immediacy of utterance without time for reflection and calculation which is of the essence of the *res gestae* doctrine. We think the latter is quite apparent if we reverse the facts and consider that the manager at the same time and place might have said that the location was a very good one for unrolling wire. It would not then be seriously contended that the remark was so contemporaneous with the accident as to be admissible in the respondent's favor as part of the *res. gestae*. If there was no more to the case than this, the learned trial court's order for a new trial would have to be affirmed.

The jury found that there was a failure on the part of the respondent to comply with the requirements of the safe-place statute, secs. 101.01 (11) and 101.06, Stats., in that it did not maintain its salesroom as free from danger to its employees and patrons as the nature of its business would reasonably permit. Conceding that the nature of its business requires respondent to sell quantities of wire fencing which are cut to the customer's order, the burden is on appellant to prove respondent's breach of duty toward him. The record shows that as he crossed the store Mr. Klein saw the wire and chose to walk across it, although other passage was available to him. It would seem to be a customary and reasonable method of selling fencing or other goods which come in rolls

to unroll the material in an open space in the salesroom for the inspection of the purchaser and to cut off the desired length. There is no structural defect in the premises, certainly, and in the instant case the presence of the wire was known to the appellant. Had there been no way for him to reach the part of the store to which he was bound except by walking on the wire which a salesman was even then measuring for a purchaser, or had the presence of the wire been unknown to Mr. Klein until he stepped on it, we could recognize that a question under the safe-place statute might be before us, but when the sale of the wire is actually in progress, the presence of the wire is observed and the party deliberately chooses to walk over it although other choices are open to him, we are unable to recognize that the statutory duty of the storekeeper has been breached as to him; and if we could recognize such breach we would still be compelled to conclude that the negligence of the appellant in going upon the wire under such circumstances is at least equal, as a matter of law, to the negligence of the respondent who chose that place to show the wire to a customer. We consider this case is like *Prehn v. C. Niss & Sons, Inc.* (1939), 233 Wis. 155, 288 N. W. 736, and reaches the same result.

The respondent's motion to review must be granted, the order of the trial court reversed, and the cause remanded with directions to enter judgment dismissing the complaint.

*By the Court.*—Order reversed and cause remanded with directions to enter judgment dismissing the complaint.