DEATON, Respondent, vs. UNIT CRANE & SHOVEL CORPORATION, Appellant.

*November 5—December 1, 1953.*

For the appellant there were briefs and oral argument by *Morris Stern* of Milwaukee.

For the respondent there was a brief by *Gauer & Buer*, attorneys, and *Samuel P. Murray* and *Bendinger, Hayes & Kluwin* of counsel, and oral argument by *Mr. Murray* and by *Mr. Bernard J. Hankin*, all of Milwaukee.

CURRIE, J. Not only did the learned trial court submit the question in the special verdict relating to the negligence of defendant's crane operator under the safe-place statute (sec. 101.06, Stats.), but the court also instructed the jury on defendant's liability under such statute. In such instructions the trial court also defined the phrase "as free from danger to him [plaintiff] as the nature or place of employment would reasonably permit," which is a close approximation of the language employed in sec. 101.01 (11) in defining the term "safe."

We consider such submission of defendant's negligence on the theory of a possible violation of the safe-place statute to have constituted prejudicial error. As applied to a "place of employment" such statute has reference to an unsafe condition rather than to an act in the process of taking place. The pleadings did not raise any issue as to any unsafe condition of the power shovel, nor did the evidence establish such an unsafe condition. The alleged acts of defendant's crane operator as to the manner of lowering or dropping the bucket

of the power shovel, and failing to warn plaintiff before so dropping the bucket, relate to acts of operation as distinguished from the condition of the machine. The safe-place statute has no application to such acts of operation, and the issue of the crane operator's negligence should have been submitted to the jury on the basis of common-law negligence.

The positive testimony of the crane operator and of defendant's works manager that they both had warned the plaintiff shortly before the accident to stay away from the bucket and not to place his hands upon it, together with plaintiff's denial that he had received such warning, raised an issue as to whether plaintiff at the time of the accident was a trespasser under the decision of this court in *Wannmacher v. Baldauf Corp.* (1952, 1953), 262 Wis. 523, 55 N. W. (2d) 895, 57 N. W. (2d) 745, and other cases cited therein. If the plaintiff should be determined to have been a trespasser at the time and place of the accident, then he cannot recover, because the only duty defendant's crane operator would have owed to plaintiff would have been to have refrained from wilfully or wantonly injuring him. *Nalepinski v. Durner* (1951), 259 Wis. 583, 49 N. W. (2d) 601. The evidence in this case would not support an inference that the crane operator was guilty of any wilful or wanton conduct in the manner he lowered or dropped the bucket.

Not only was no question submitted in the special verdict as to whether plaintiff was a trespasser, but the trial court instructed the jury that plaintiff was a "frequenter" which was tantamount to declaring him not to have been a trespasser. This also constituted prejudicial error in view of the testimony of the crane operator and works manager that plaintiff had been warned to stay away from the power shovel and not to put his hands on the bucket.

Defendant's counsel made no objections to the form of the special verdict, and submitted no requested questions for

the same. Under the decisions of this court in *Fondow v. Milwaukee E. R. & T. Co.* (1953), 263 Wis. 180, 56 N. W. (2d) 841, and *Nimits v. Motor Transport Co.* (1948), 253 Wis. 362, 34 N. W. (2d) 116, defendant thereby waived its right to object to any error in the form of the verdict. However, in the instant case the defective form of verdict was coupled with prejudicially erroneous instructions. This court has not yet held that failure of counsel to enter an objection to erroneous instructions, at a time which will permit the trial court to correct such error, constitutes a waiver that will prevent such error being raised on appeal. It is our conclusion that a new trial must be ordered.

Defendant also raises the issue that plaintiff's contributory negligence was as a matter of law at least equal to that of defendant's crane operator. If correct in this contention, defendant would be entitled to a dismissal of the action rather than a new trial. However, we are of the opinion that the comparison of the negligence under the facts of this case was peculiarly for the jury and, if the record of the trial below had disclosed no prejudicial error, we would not disturb the jury's apportionment of negligence on the basis of 16 per cent to plaintiff and 84 per cent to defendant's crane operator.

*By the Court.*—Judgment reversed and cause remanded for a new trial consistent with this opinion.