SACHSE, Appellant, v. MAYER, Respondent.

*November 29, 1962—January 8, 1963.*

For the appellant there were briefs by *Gerold & Huiras* of Port Washington, and *Ralph E. Houseman* of Grafton, and oral argument by *Mr. Ralph J. Huiras* and *Mr. Houseman.*

For the respondent there was a brief and oral argument by *Richard C. Bonner* of Grafton.

BROWN, C. J.   Appellant submits that by the opinion in *Sachse v. Mayer, supra,* we determined that Mayer was causally negligent as a matter of law. We are unable to agree with appellant. In that case we held, only, that an issue was presented for determination by the trier of the fact, and such issue was whether Sachse might or might not reasonably understand that Mayer's order "to clean out the woods" included the operation which Sachse was undertaking when he was hurt. By its verdict the jury found that Sachse might so understand it and, therefore, Sachse was injured in the course of his employment.

In our former opinion we expressly recognized that such a jury finding might raise other questions but we refrained from consideration of any of them. Our previous decision does not foreclose the parties in raising or in attempting to resolve the other issues so raised.

Those questions, as answered by the jury, resulted as follows: Mayer should have anticipated that Sachse might use the power saw when he was up a tree and Mayer was causally negligent in not warning Sachse against the danger of doing so. (The trial court changed this answer, stating that there was no evidence to support the causation part of the finding.)

The jury also found that Sachse was negligent in not telling Mayer that he planned to use the power saw while he was up in the tree but that such negligence was not causal, and that Sachse was not negligent in the manner in which he attempted to use the power saw. Thereby, the jury absolved Sachse of all causal negligence and attributed 100 percent thereof to Mayer.

On stipulation by the parties the trial court found $2,088 as the cost of the past medical services incurred by Sachse. The jury awarded $50,000 for pain, suffering, and disability, and $10,000 for future medical and hospital expense. No

proof was offered in support of the $10,000, as the learned trial court said in its memorandum decision.

The verdict contained a question on the assumption of risk by Sachse. We consider the safe-place statute, sec. 101.06, applies to the facts and circumstances of this accident, and assumption of risk is not properly in this case. That defense was abolished in safe-place cases by *Rosholt v. Worden-Allen Co.* (1913), 155 Wis. 168, 178, 144 N. W. 650, and *Mennetti v. West Side Businessmen's Asso.* (1945), 246 Wis. 586, 591, 18 N. W. (2d) 487. However, the inclusion of the question in the verdict did not prejudice the plaintiff because the jury answered that the risk was not assumed. Both question and answer are disregarded now.

Although appellant was protected by the safe-place law he still had the duty to exercise reasonable care for his own safety, and if he failed to do so he is guilty of contributory negligence. *Filipiak v. Plombon* (1962), 15 Wis. (2d) 484, 489, 113 N. W. (2d) 365. See *Neitzke v. Kraft-Phenix Dairies, Inc.* (1934), 214 Wis. 441, 448, 253 N. W. 579; *Paluch v. Baldwin Plywood & Veneer Co.* (1957), 1 Wis. (2d) 427, 435, 85 N. W. (2d) 373; *Vogelsburg v. Mason & Hanger Co.* (1947), 250 Wis. 242, 246, 26 N. W. (2d) 678. See also *Klein v. Montgomery Ward & Co.* (1953), 263 Wis. 317, 321, 57 N. W. (2d) 188; *Gupton v. Wauwatosa* (1960), 9 Wis. (2d) 217, 224a, 101 N. W. (2d) 104, 102 N. W. (2d) 401; and *Deaton v. Unit Crane & Shovel Corp.* (1953), 265 Wis. 349, 354, 61 N. W. (2d) 552.

The jury found that Sachse was not negligent in the manner in which he attempted to use the power saw. As a matter of law, the attempt to climb the tree while the saw was running and then to saw off the top of the tree, which required him to use both hands in guiding the saw into the cut until the saw was about two inches deep, during which he employed no safeguards against falling, was causal negligence to a very serious extent. It could well be found that Sachse's causal negligence contributed to the accident in excess of any-

thing which the record will support to sustain the finding of causal negligence on the part of Mayer. Although the jury could, and did, find that Mayer's order "to clean out the woods" could be construed as including this task by Sachse there was no direction to Sachse to employ so foolhardy a procedure in cleaning out the woods. The instruction to him was a general one and he had never before climbed trees in performance of his duties. The present interpretation and the present method used was the choice of Mr. Sachse.

We do not hold as a matter of law that the causal negligence of Sachse exceeded that of Mayer. We do hold that as a matter of law such negligence of Sachse existed to a very substantial degree. As a rule the comparison of causal negligence is a matter for the jury.

In the course of its memorandum decision the trial court wrote:

"It is my impression that the answers of the jury are the result of prejudice and sympathy and that the jury did not consider the evidence or the instructions of the court, but answered the questions in the verdict solely because of sympathy for the plaintiff who without question sustained a severe injury, and that they took into consideration the fact that the defendant was an executive of a large corporation. My sympathy was also aroused because of the severity of the plaintiff's injuries, but sympathy of either the jury or the court may not control the outcome of this case. I feel very strongly that a review of all of the evidence will indicate that the jury did not fairly answer the questions in the verdict, and this is certainly pointed up by the damages as found by the jury as to pain, suffering, and disability, but more especially the award of $10,000 for future medical and hospital expenses, which is not sustained by the record. If I had not made the determination to grant the defendant's motion after verdict, I would have ordered a new trial upon all of the issues in this case because of the prejudice of the jury and the interests of justice."

In view of the findings that the order of Mayer to clean out the woods could be understood by Sachse to include the

power-saw operation and Mayer should have anticipated that Sachse might do just that, we do not affirm the judgment and dismiss the action.. But we consider that the jury's finding that Sachse was not guilty of any causal negligence, when the evidence was so completely to the contrary, and an award of $10,000 for future medical expense without any supporting evidence of the cost, confirms the observation of the learned trial court that the verdict was based on passion and prejudice, not on evidence. Therefore, under our discretionary powers (sec. 251.09, Stats.) we reverse the judgment and remand the cause to the trial court with directions for a new trial.

*By the Court.*—Judgment reversed. Cause remanded for a new trial.

CURRIE, J. (*dissenting*). I respectfully dissent from the court's opinion in this case because I believe the learned trial judge properly concluded it his duty to direct a verdict in favor of defendant. By his memorandum decision he made it clear that his only reason for permitting the case to go to the jury, after defendant moved for a directed verdict, was the opinion of this court in *Davis v. Skille* (1961), 12 Wis. (2d) 482, 490, 107 N. W. (2d) 458, which recommended that in "close cases" a trial court reserve its ruling on motions for directed verdict until after return of the verdict. This is what the trial judge did in the instant case.

It is difficult to find a causal relationship between plaintiff Sachse's injuries and defendant Mayer's failure to warn plaintiff of the dangers accompanying use of the power saw in a tree. Sachse had used power saws in his shop course at Shorewood high school and further learned of their dangerous nature while operating them many times during the three years prior to the accident. He testified that he knew this particular power saw was "a dangerous piece of machinery." Sachse further knew that in order to operate the saw while up a tree he would have to hold the saw with both hands and

grip the tree with his legs alone. Therefore, any warning given by Mayer would not have increased Sachse's knowledge of the danger involved.

Nevertheless, even if it be assumed that the causation issue with respect to Mayer's failure to warn Sachse was for the jury, no reasonable basis existed for a jury to conclude that Sachse's negligence was less than that of Mayer. Mayer's negligence, if any, consisted of his failure to warn Sachse about a danger of which Sachse already knew at the time of the accident. On the other hand, Sachse's negligence consisted of climbing the tree with the power saw in operation and then releasing his grip on the tree with his hands in order to operate the saw knowing full well of the dangers involved. Furthermore, Sachse did this without even asking Mayer whether he wished this standing tree to be cut up.

If there ever was a case in which the injured plaintiff's negligence exceeded the defendant's as a matter of law, this is the case. While this court holds that the comparative-negligence issue is for the jury in the great majority of situations, it has not hesitated to hold that a plaintiff's negligence equaled or exceeded defendant's in the extraordinary situations in which the facts required such a result. *Crawley v. Hill* (1948), 253 Wis. 294, 34 N. W.(2d) 123; *Quady v. Sickl* (1952), 260 Wis. 348, 51 N. W. (2d) 3; *Hephner v. Wolf* (1952), 261 Wis. 191, 52 N. W. (2d) 390; *Klein v. Montgomery Ward & Co.* (1953), 263 Wis. 317, 57 N. W. (2d) 188; *Frei v. Frei* (1953), 263 Wis. 430, 57 N. W. (2d) 731; *Sparish v. Zappa* (1956), 273 Wis. 195, 77 N. W. (2d) 416; *Powless v. Milwaukee County* (1959), 6 Wis. (2d) 78, 94 N. W. (2d) 187; *Kornetzke v. Calumet County* (1959), 8 Wis. (2d) 363, 99 N. W. (2d) 125; and *Bembinster v. Aero Auto Parts* (1961), 12 Wis. (2d) 252, 107 N. W. (2d) 193.

For the reasons stated, I would affirm the judgment for dismissal of plaintiff's action.

I am authorized to state that Mr. Justice ·HALLOWS concurs in this dissent.