The State of Ohio, Appellee, *v.* McCreary, Appellant.

(No. 9505—Decided May 18, 1964.)

*Mr. Raymond E. Shannon*, prosecuting attorney, and *Mr. William S. Mathews*, for appellee.

*Mr. Paul H. Tobias*, for appellant.

Hover, P. J. This is an appeal by the defendant from his conviction in the court below of the crime of larceny of property having a value in excess of $60, that is, so-called grand larceny.

The record shows that defendant was indicted for this offense; that he plead not guilty thereto; that he was assigned counsel to represent him; and that on December 16, 1963, he retracted his plea of not guilty and entered a plea of "guilty as charged." As the result of this plea, a judgment of conviction of "grand larceny" was entered and the defendant sentenced to the Ohio State Reformatory at Mansfield.

Some 39 days after this judgment was docketed, new counsel, acting on behalf of defendant, filed a motion to set it aside on three grounds: (1) That the verdict, that is, the judgment, was improperly entered; (2) that the court at the time of entering judgment and sentencing did not determine the value of

the property admittedly stolen; and (3) that the defendant was entitled to have this determination made by a jury since no written waiver of defendant's right to a jury was entered in the case. The court overruled the motion but entered an order amending the original judgment by finding, after the taking of testimony in open court, that the value of the property stolen was $75. It re-entered the original judgment and sentence.

From this amended judgment the defendant appealed to this court in a timely manner. Defendant raises here substantially the same objections to the judgment and sentence as were called to the attention of the court below by the motion to set aside the judgment.

While the applicable penal statute of Ohio, Section 2907.20, Revised Code, does not use either of the terms "grand larceny" or "petit larceny," as those phrases are generally used in the law, the defendant, was nevertheless indicted for stealing something of value, to wit, $80. To this indictment he ultimately plead "guilty as charged." There is no provision in the law relative to larceny as there is in the law relative to homicide, permitting a plea to a general classification of crime with the exact degree to be subsequently determined either by a jury or by a court. The statute (Section 2945.75, Revised Code) relative to the question of value as it affects the penalty to be imposed for larceny requires that a jury determine the value of the property stolen. In the event a jury be waived, Section 2945.06, Revised Code, requires that the judge perform the same function.

Neither statute is applicable here, because the defendant chose to plead guilty to the indictment. This plea covers the entire indictment, including the allegation of value contained therein. Furthermore, because of the plea of guilty there is no right to a trial by jury, and Section 2945.75, Revised Code, does not apply. Again, in view of the plea of guilty the defendant was not prejudiced by the absence of a written waiver of trial by jury.

The cases cited by appellant relative to the necessity of a jury inquiry into the value of the property allegedly stolen, particularly State v. Sudekatus, 72 Ohio App., 165, and those cases where he seeks by analogy to invoke the rule relative to pleas of guilty in first degree murder cases, do not apply to a situa-

tion wherein the defendant pleads guilty to an indictment charging what is generally referred to as the crime of "grand larceny." Actually, the *Sudekatus case* was the subject matter of a comparatively recent case considered by the Supreme Court on certification to that court as a conflict matter. The Supreme Court held in *State* v. *Park*, 174 Ohio St., 81, that a jury verdict finding the defendant "guilty of grand larceny in the manner and form as he stands charged in the indictment * * *" is a lawful verdict in spite of the fact that the jury did not, in its verdict, ascertain and declare the value of the property stolen. In that case, which was tried to a jury, the value of the property stolen was stipulated at $300, and the court held that under the circumstances it was not necessary for the jury to find the value of the property.

Likewise, in the present appeal the defendant plead guilty to an indictment charging the larceny of property of a value of $80, leaving nothing further to be found or determined by the court before entering its judgment and imposing sentence.

Under the circumstances, and particularly in view of *State* v. *Park, supra,* it is the opinion of this court that the judgment of the court below of December 16, 1963, recording a plea of guilty to "grand larceny" and entering judgment and imposing sentence accordingly, was a lawful disposition of the charge against the defendant at that time. The subsequent proceedings arising from a belated motion to set aside the original judgment and the court's action thereon (apparently in an excess of caution) in making its own independent determination of value after hearing testimony on the subject, was, at the most, harmless and unprejudicial surplusage.

The judgment of the court below finding the defendant guilty of grand larceny (that is, of the theft of property of a value of $80) is, accordingly, affirmed.

*Judgment affirmed.*

HILDEBRANT and LONG, JJ., concur.