Gerald P. GEIGER and Patricia Geiger, Plaintiffs-Appellants,

v.

MILWAUKEE GUARDIAN INSURANCE COMPANY, INC., Scott Lawrence and Nancy Lawrence, Defendants-Respondents,

WEST BEND MUTUAL INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 94–0249. Submitted on briefs August 16, 1994.—Decided October 12, 1994.*

(Also reported in 524 N.W.2d 909.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert C. Hahn*, of *Holden & Hahn, S.C.* of Sheboygan.

On behalf of the defendants-respondents, the cause was submitted on the brief of *William R. Wick* and *John F. Mayer*, of *Nash, Spindler, Dean & Grimstad*, of Manitowoc.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J.   Gerald P. and Patricia Geiger appeal from a judgment dismissing their complaint seeking recovery for personal injuries Gerald suffered as a result of a fall at the residence of Scott and Nancy Lawrence, where Gerald was working as a plumber. Specifically, the Geigers appeal the trial court's refusal to submit jury instructions on the Lawrences' duty as owners of a place of employment under § 101.11, STATS., Wisconsin's safe-place statute.[1] The issue on appeal is whether the Lawrence home is a "place of

---

[1] The safe-place statute, § 101.11, STATS., provides in relevant part:

> **Employer's duty to furnish safe employment and place.**
> (1) . . . . Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe.

employment" as defined by § 101.01(2)(f), STATS., as a result of Scott's work at home as an attorney.[2] We conclude that the Lawrence home is not a place of employment under § 101.01(2)(f). Consequently, we affirm.

## FACTS

On January 25, 1990, Gerald was sent to the Lawrence home in Elkhart Lake by his employer, Plymouth Plumbing & Heating, Inc., to install a laundry tub in the Lawrences' basement. Gerald slipped on a snow-covered ice patch on the sidewalk leading to the back door of the Lawrence home while carrying the laundry tub and strained his back.

The Geigers subsequently commenced this action claiming that the Lawrences were negligent as owners of a place of employment under the safe-place statute for failing to remove the ice from the sidewalk or to provide any verbal warning about the ice. The Geigers contend that because Scott, an attorney, occasionally takes legal work home from his office in St. Nazianz and has met with clients in his home, the Lawrence home is a place of employment as defined in § 101.01(2)(f), STATS.

The trial court ruled that the safe-place statute was inapplicable because the Lawrence home is not a place where "industry, trade or business" is carried on, as required by § 101.01(2)(f), STATS. The claim was submitted to the jury on common law negligence, and the jury found no negligence by either the Lawrences or Gerald. The trial court denied the Geigers' motions

___

[2] The Geigers do not allege that the Lawrences were Gerald's employer. They instead argue that the Lawrences were owners of a place of employment by virtue of Scott's law practice.

after verdict and entered judgment on December 23, 1993, dismissing the Geigers' complaint and awarding costs to the Lawrences. The Geigers appeal.

## THE SAFE-PLACE STATUTE

Section 101.01(2)(f), STATS., provides in part:

"Place of employment" includes every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade or business, is carried on, and where any person is, directly or indirectly, employed by another for direct or indirect gain or profit, but does not include any place where persons are employed in private domestic service which does not involve the use of mechanical power or in farming.

■

Interpretation of the safe-place statute is a question of law which we review de novo. *See Strong v. Wisconsin Chapter of Delta Upsilon,* 125 Wis. 2d 107, 109, 370 N.W.2d 285, 287 (Ct. App. 1985). The Geigers contend that the Lawrence home is a place of employment which is subject to the safe-place statute because: (1) activities related to a business are carried on there when Scott engages in work as an attorney, and (2) Gerald was employed there as a plumber at the time of the accident. We disagree with this contention and therefore affirm the trial court's conclusion that the Lawrence home is not a place of employment because no industry, trade or business is carried on in the home, nor is any process or operation related to industry,

336

trade or business carried on in the home. *See* § 101.01(2)(f), STATS.

The Geigers first argue that because Scott occasionally engages in work while at home, his activities are "directly or indirectly related to [a] . . . business." *See id.* We agree with the Geigers that the work that Scott engaged in at his home was related to his law practice. However, we are not persuaded that every infrequent business-related activity in the home subjects a homeowner to potential liability under the safe-place statute.

It is undisputed that Scott occasionally works while at home. Scott testified that he sometimes dictates while at home and, in rare instances, he meets clients at his home to get documents signed if it is more convenient for the client. However, Scott maintains his law practice in an office in St. Nazianz, not his Elkhart Lake home. He does not advertise his home as the locale of his law office.

■

The Geigers emphasize that Scott's activities were "directly or indirectly" related to business under § 101.01(2)(f), STATS. However, they ignore the imperative preceding phrase "process or operation." Statutes are to be read in their entire context. *Brandt v. LIRC,* 160 Wis. 2d 353, 362, 466 N.W.2d 673, 676 (Ct. App. 1991), *aff'd,* 166 Wis. 2d 623, 480 N.W.2d 494 (1992). A place of employment under § 101.01(2)(f) is any place where either temporarily or permanently (1) "any industry, trade or business is carried on" or (2) "any process or operation, directly or indirectly related to any industry, trade or business, is carried on." The facts of this case do not indicate that Scott's activities rose to the level of making his home a business operation or process.

The safe-place statute requires more than occasional work activities such as those engaged in by Scott. The words "place of employment" are descriptive and "naturally carry the idea of a place necessarily used by one or more persons engaged in an enterprise for the purpose of gain or profit, direct or indirect." *Mennetti v. West Side Businessmen's Ass'n,* 246 Wis. 586, 590, 18 N.W.2d 487, 489 (1945). Solitary and even occasional business-related pursuits in a private residence do not constitute an industry, trade or business within the meaning of § 101.01(2)(f), STATS. *See Schoenfeldt v. Babcock,* 26 Wis. 2d 569, 574, 133 N.W.2d 262, 265 (1965).

In *Schoenfeldt,* the supreme court concluded that the safe-place statute did not apply to a private residence where the plaintiff was fatally injured at a rummage sale where the frequency of such sales was not proven and the question of whether anyone was employed in connection with the sale was not established. *Id.* In this case, Scott only occasionally had clients to his home, primarily for the convenience of the clients, not out of any necessity by Scott for the carrying on of any enterprise at his home. *See Mennetti,* 246 Wis. at 590, 18 N.W.2d at 489.

■■■

Because we conclude that no process or operation directly or indirectly related to industry, business or trade was carried on at the Lawrence residence, we do not consider the Geigers' second argument that Gerald was a person "employed by another for direct or indirect gain or profit" under § 101.01(2)(f), STATS.

*By the Court.*—Judgment affirmed.