STATE of Wisconsin, Plaintiff-Respondent,

v.

Alan C. CAMPBELL, Defendant-Appellant.†

Court of Appeals

*No. 01–0758–CR. Submitted on briefs October 5, 2001.—Decided December 20, 2001.*

2002 WI App 20

(Also reported in 642 N.W.2d 230.)

† Petition to review denied 4-22-02.

238

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Alexander D. Cossi, Cossi Law Offices*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Vergeront, P.J., Dykman and Lundsten, JJ.

¶ 1. DYKMAN, J. Alan Campbell appeals from a

judgment of conviction for carrying a firearm as a felon contrary to Wis. Stat. § 941.29(2) (1999–2000).[1] Campbell stipulated that he was in possession of a firearm and that he was convicted of forgery in Ohio. However, Campbell asserts that the Ohio conviction would not be a felony in Wisconsin because the Ohio forgery statute is broader than the Wisconsin forgery statute, and that the circuit court improperly looked to Campbell's conduct in Ohio to consider whether the crime would be a felony in Wisconsin. Alternatively, Campbell contends that the Ohio statute is ambiguous, and that the rule of lenity requires a conclusion that the forgery not be considered a felony in Wisconsin. We conclude that the circuit court correctly considered Campbell's conduct in finding him guilty under § 941.29 and that Campbell's conduct in Ohio would be a felony in Wisconsin. Further, it is unnecessary to decide whether the Ohio statute is ambiguous because it has no bearing on our interpretation of § 941.29. We therefore affirm.

¶ 2.  In 1999, while in Ohio, Campbell was convicted of forgery, pursuant to Ohio Rev. Code Ann. § 2913.31(A)(1). In October 2000, while in Wisconsin, he was charged with possessing a firearm as a felon under Wis. Stat. § 941.29(2). Campbell filed a motion to dismiss the charges, but the court denied the motion.

¶ 3.  At trial, Campbell stipulated to the following:

> 1. The defendant, Alan C. Campbell, was convicted in Hamilton County, Ohio, on November 2, 1998 of a violation of Section 2913.31(A)(1) of the Ohio Revised Code.

---

[1] All references to the Wisconsin statutes are to the 1999–2000 version unless otherwise noted.

2. On March 14, 2000, at 7311 W. Capitol Drive, City of Milwaukee, Milwaukee County, Wisconsin, the defendant knowingly possessed a firearm, a .25 caliber handgun.

Based on these stipulations, and on the certified record from Ohio, which showed that the Ohio conviction was based upon Campbell's forgery of a $350 check, the circuit court found him guilty of felony possession under § 941.29(2). Campbell appeals.

*Meaning of "Crime" in WIS. STAT. § 941.29(1)(b)*

¶ 4.    Campbell challenges the circuit court's interpretation of WIS. STAT. § 941.29. Interpretation of a statute is a question of law that we review de novo. *Geiger v. Milwaukee Guardian Ins. Co., Inc.*, 188 Wis. 2d 333, 336, 524 N.W.2d 909 (Ct. App. 1994). The purpose of statutory interpretation is to discern the intent of the legislature, and the first step is to consider the language of the statute. *See State v. Hansen*, 2001 WI 53, ¶ 9, 243 Wis. 2d 328, 334, 627 N.W.2d 195.

¶ 5.    Under WIS. STAT. § 941.29(1)(b), a person is prohibited from possessing a firearm if he or she was "[c]onvicted of a crime elsewhere that would be a felony if committed in this state." Campbell contends that his conviction under OHIO REV. CODE ANN. § 2913.31(A)(1) would not be sufficient to prove a felony in Wisconsin. Under Ohio law, it is a felony to forge *any* writing. OHIO REV. CODE ANN. § 2913.31(A)(1) and (C).[2] In Wisconsin,

---

[2] OHIO REV. CODE ANN. § 2913.31(A) reads in part:

(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:

however, forgery is only a felony when it involves a specific type of writing. WISCONSIN STAT. § 943.38(1) provides:

> Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, is guilty of a Class C felony:
>
> (a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; or
>
> (b) A public record or a certified or authenticated copy thereof; or
>
> (c) An official authentication or certification of a copy of a public record; or
>
> (d) An official return or certificate entitled to be received as evidence of its contents.

According to Campbell, because § 943.38(1) requires proof of a specific writing, but OHIO REV. CODE ANN. § 2913.31(A)(1) does not, his conviction in Ohio would not be considered a felony in Wisconsin, and therefore would not subject him to prosecution under § 941.29.

---

(1) Forge any writing of another without the other person's authority;

Depending on the type, forgery is classified as anywhere from a fifth-degree felony to a second-degree felony. *See* OHIO REV. CODE ANN. § 2913.31(C).

¶ 6. We agree with Campbell that the Ohio forgery statute is broader than Wisconsin's, and that looking solely at the language of the Ohio statute would be insufficient to prove that Campbell was guilty of possessing a firearm as a felon. However, we are not limited to considering the language of the statute.

¶ 7. Rather, we agree with the State that the circuit court was entitled to look at the underlying conduct supporting Campbell's conviction. The term "crime" is defined in WIS. STAT. § 939.12 as "*conduct* which is prohibited by state law and punishable by fine or imprisonment or both." (Emphasis added.) Further, WIS. STAT. § 939.22(6), provides that the meaning of "crime" in § 939.12, is applicable to chapters 939 through 948 of the Wisconsin Statutes. Therefore, in determining whether Campbell violated WIS. STAT. § 941.29(2), the circuit court properly considered Campbell's conduct that led to his conviction in Ohio.

¶ 8. Count one in the indictment against Campbell in the Ohio conviction stated: "Campbell . . . with purpose to defraud or knowing he was facilitating a fraud, forged a writing of Robert Bouldin without his authority, to wit: his signature on a $350 check." Campbell pleaded guilty to this count. A guilty plea carries with it admission of the facts charged against the individual. *See State ex rel. Skinkis v. Treffert*, 90 Wis. 2d 528, 539, 280 N.W.2d 316 (Ct. App. 1979); *State v. McCreary*, 200 N.E.2d 787, 788 (Ohio Ct. App. 1964). Campbell thus admitted when he pleaded guilty that he forged a $350 check.

¶ 9. Forging a check is a felony in Wisconsin. Campbell's conduct falls under WIS. STAT. § 943.38(1)(a), since the check he forged is a writing "whereby legal rights or obligations are created." *See State v. Koch*, 175

Wis. 2d 684, 707, 499 N.W.2d 152 (1993). Because Campbell's conduct in Ohio would have been a felony if committed in Wisconsin, the circuit court properly found Campbell guilty of violating WIS. STAT. § 941.29.

¶ 10. Because we conclude that WIS. STAT. § 939.12 and WIS. STAT. § 941.29 require circuit courts to consider the underlying conduct of an out-of-state conviction, we disagree with Campbell's contention that *Taylor v. United States*, 495 U.S. 575 (1990), supports his position.[3] In *Taylor*, the Supreme Court considered the application of 18 U.S.C. § 924(e)(2)(B)(ii), which authorizes sentence enhancement when a defendant has a prior conviction for a "violent felony," including "burglary." One issue in the case was how courts should determine whether a defendant had been convicted of "burglary" since states varied widely on how they defined the crime and some states had no crime named "burglary" at all. The Court decided that it would "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600. This conclusion, however, was based in large part on the language and legislative history of Section 924(e), which referred to "a person who . . . has three previous *convictions*," and defined "violent felony" in terms of "*elements*." *Id.* at 600–01.

¶ 11. In the context of WIS. STAT. § 941.29, "crime" is unambiguously defined under WIS. STAT. § 939.12 as "conduct," unlike the case in *Taylor. Id.* We recognize, as did *Taylor*, that in the few cases where the out-of-state

---

[3] Perhaps the State can prove conduct by showing that all the elements of a Wisconsin felony are included in the elements of an out-of-state crime, and that the other state's judiciary has interpreted the elements of the out-of-state crime in a way which would make that conduct a Wisconsin felony. This issue is not present, here, however, and we do not address it.

statute is broader than the Wisconsin statute and the prior conviction is not based upon a guilty plea, proving the facts necessary to obtain a conviction under § 941.29 could be a daunting task for the State and a cumbersome experience for both the defendant and the circuit court. Regardless, however, of the reasoning or policy of *Taylor*, it is the policy of the state legislature and not the United States Congress that we must follow when we interpret Wisconsin statutes. Our statutes define crimes as "conduct," and, therefore, we are required to interpret § 941.29 in light of that definition.

### Rule of Lenity

¶ 12.  Campbell contends that the Ohio forgery statute is ambiguous, and therefore the rule of lenity dictates that his forgery conviction should not be construed as a felony under Wisconsin law. Campbell is correct in asserting that the Wisconsin and Ohio statutes do not share the same elements. However, we are not concerned with the ambiguity of the Ohio statute on forgery. The only question is whether Campbell's crime would be considered a felony in Wisconsin. We have concluded that it is. The rule of lenity, therefore, does not apply.

*By the Court.*—Judgment affirmed.