STATE of Wisconsin, Plaintiff-Respondent,†

v.

Leonard T. COLLINS, Defendant-Appellant.

Court of Appeals

*No. 01–2185–CR. Submitted on briefs March 14, 2002.—
Decided June 13, 2002.*

2002 WI App 177

(Also reported in 649 N.W.2d 325.)

† Petition to review denied 9-26-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul LaZotte*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James Doyle*, attorney general, and *Sandra L. Nowack*, assistant attorney general.

Before Dykman, Roggensack and Lundsten, JJ.

¶ 1. DYKMAN, J.  Leonard Collins appeals from a judgment of conviction for attempted first-degree intentional homicide as a persistent repeater. Based on previous convictions in Missouri for "murder second degree" and Illinois for "second degree murder," the circuit court sentenced Collins to life in prison without the possibility of parole under WIS. STAT. § 939.62(2m)(c) (1997–98).[1] Collins argues that his sentence should be commuted under WIS. STAT. § 973.13 because the circuit court never determined whether the crime he committed in Illinois is "comparable" within the meaning of § 939.62(2m)(d) to a "serious felony" under § 939.62(2m)(a)2m.a-c.

¶ 2. We agree with Collins that WIS. STAT. § 939.62(2m)(d) requires circuit courts to determine independently whether an out-of-state crime is comparable to a Wisconsin "serious felony," even if the defendant admits that he or she is a persistent repeater. However, because we can conclude as a matter of law that "second degree murder" in Illinois would be a "serious felony" if committed in Wisconsin, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

700

## BACKGROUND

¶ 3. On February 8, 2000, Leonard Collins stabbed a woman multiple times with a knife in a parking lot on Madison's West side. The victim survived, and the State charged Collins with both attempted first-degree intentional homicide while using a dangerous weapon and first-degree reckless injury. *See* Wis. Stat. §§ 939.32(1)(a), 940.01(1) and 940.23(1). In addition, the State alleged that Collins was a "persistent repeater" under Wis. Stat. § 939.62(2m)(b)1 because he had been previously convicted of two murders in other states.

¶ 4. Collins entered a plea of no contest to attempted first-degree intentional homicide and the State dismissed the reckless injury charge. Before accepting his plea, the circuit court informed Collins that he would be convicted of attempted first-degree intentional homicide with a dangerous weapon and as a persistent repeater, which would mean that he would be sentenced to life imprisonment "without the possibility of extended supervision."

¶ 5. The State presented judgments of conviction for "murder second degree" from Missouri and "second degree murder" from Illinois. When the court asked Collins if he was disputing the convictions, Collins replied, "Those are my convictions." Finally, the court asked Collins, "Do you agree that the State could prove that you committed this offense with a dangerous weapon and that you are a persistent repeater? Do you agree they could prove that?" Collins stated, "Yes." The court accepted Collins's plea and convicted him.

¶ 6. The court determined after a trial that Collins had failed to prove that he was "not responsible

because of a mental disease or defect,"[2] and sentenced Collins to life in prison without parole, as required by WIS. STAT. § 939.62(2m)(c). The court denied Collins's motion for postconviction relief and he appeals.

## DECISION

¶ 7. Collins contends that there is "no factual basis" for concluding that his Illinois conviction for "second degree murder" would constitute a "serious felony" under WIS. STAT. § 939.62(2m)(a)2m.d, and therefore the circuit court erred when it sentenced him as a persistent repeater.[3] The resolution of this issue requires interpretation of WIS. STAT. §§ 939.62 and 973.12. Statutory interpretation is an issue of law that we review de novo. *State v. Campbell*, 2002 WI App 20, ¶ 4, 250 Wis. 2d 238, 642 N.W.2d 230.

¶ 8. Under WIS. STAT. § 939.62(2m)(b)1, the State may charge a defendant as a "persistent repeater" if he or she has been previously convicted of two or more "serious felonies." Upon conviction for the third "serious felony," § 939.62(2m)(c) provides that "the term of imprisonment . . . is life imprisonment without the possibility of parole or extended supervision."

¶ 9. WISCONSIN STAT. § 939.62(2m)(a)2m.a-c provides a list of crimes designated as "serious felonies," which includes intentional homicide, reckless homicide,

---

[2] At the beginning of the trial, Collins's attorney requested a continuance based on information that she had discovered that Collins suffered from post-traumatic stress disorder as a result of his experiences as a soldier during the Vietnam War. The circuit court denied the request, and Collins does not challenge this decision on appeal.

[3] Collins does not challenge the use of his Missouri conviction to establish that he is a persistent repeater.

aggravated battery, and many others.[4] In addition to these specific crimes, § 939.62(2m)(a)2m.d provides that "serious felony" means: "A crime at any time under federal law *or the law of any other state* or, prior to April 28, 1994, under the law of this state that is comparable to a crime specified in subd. 2m. a., b. or c." (Emphasis added.)

¶ 10. Collins argues that WIS. STAT. § 939.62(2m)(d) was violated because it was never established that his Illinois conviction is "comparable" to one of the "serious felonies" listed in § 939.62(2m)(a)2m.a-c. The State does not dispute that neither it nor the circuit court demonstrated that Collins's Illinois conviction was "comparable" to a "serious felony" under § 939.62(2m)(d). Rather, the State responds that it was relieved of its burden to prove any aspect of Collins's status as a persistent repeater because Collins admitted this at the plea hearing. It points to WIS. STAT. § 973.12(1), which

---

[4] WISCONSIN STAT. § 939.62(2m)(a)2m.a-c. classifies the following crimes as "serious felonies": first-degree intentional homicide; first-degree reckless homicide; felony murder; second-degree intentional homicide; homicide by intoxicated use of a vehicle or firearm; aggravated battery; performing a "partial birth abortion;" aggravated battery to an unborn child; mayhem; first-degree sexual assault; second-degree sexual assault; taking hostages; kidnapping; causing death by tampering with household products; arson; armed burglary; carjacking; armed robbery; assault by a prisoner; soliciting a child to commit a felony; use of a child to commit a Class A felony; and manufacture, distribution or delivery of a controlled substance, or possession with intent to manufacture, distribute or deliver, if the offense is punishable by a maximum prison term of thirty years or more. *See* WIS. STAT. § 939.62(2m)(a)2m.a and b. In addition, the same crimes that are classified as "serious child sex offenses" are also classified as "serious felonies." Section 939.62(2m)(a)2m.b.

703

provides that § 939.62 applies "[i]f the prior convictions are admitted by the defendant *or* proved by the state, he or she shall be subject to sentence under s. 939.62." (Emphasis added.) The State contends that Collins admitted his Illinois conviction could be used to establish that he was a persistent repeater when he:

> (a) entered knowing and voluntar[y] pleas to the charge and persistent repeater enhancer; (b) admitted the underlying convictions; (c) admitted that the state could prove his persistent repeater status; (d) admitted that he understood the nature and consequences of persistent repeater status; and (e) offered evidence of the crimes on his own behalf.

¶ 11. We agree that Collins admitted he was convicted of "Second Degree Murder" in Illinois and that the State could prove he was a persistent repeater.[5] And in most cases, an admission of the prior convictions would be sufficient to establish that a defendant is a persistent repeater under Wis. Stat. § 939.62(2m) and for the circuit court to sentence him or her accordingly. As the State notes, a no contest plea to a charge containing a persistent repeater allegation is an admission to all the material *facts* alleged in the charging document so long as the "totality of the record" demonstrates that the defendant "understood the nature and consequences of the charges against him and the consequences of his plea." *State v. Liebnitz*, 231 Wis. 2d 272,

---

[5] Collins's attorney at the plea hearing also agreed with the State that "the defense is willing to stipulate to the facts that form the basis of persistent repeater." The substance of these facts, however, was never discussed at the hearing and Collins did not admit to the facts that formed the basis for his out-of-state convictions.

287, 603 N.W.2d 208 (1999); *see also State v. Rachwal,* 159 Wis. 2d 494, 511, 465 N.W.2d 490 (1991).

¶ 12.   However, when the persistent repeater allegation is based at least in part on an out-of-state conviction, admitting the past convictions is not sufficient because the circuit court must still determine whether the out-of-state conviction is "comparable" to one of Wisconsin's "serious felonies." WISCONSIN STAT. § 939.62(2m)(d) provides that an out-of-state conviction is "comparable . . . only if the court determines, beyond a reasonable doubt, that the violation relating to that conviction would constitute a felony specified under par. (a)1m.a. or 2m.a., b. or c. if committed by an adult in this state."

■

¶ 13.   Even if a defendant "admits" that his or her violation is "comparable," this does not relieve the circuit court of its obligation to make an independent determination. Whether a crime in another state would be a "serious felony" if committed in Wisconsin is a legal, not a factual question. *See State v. Burroughs,* 2002 WI App 18, ¶¶ 23–27, 250 Wis. 2d 180, 640 N.W.2d 190 (treating the circuit court's conclusion regarding "comparability" of Alabama conviction for "assault with attempt to murder" to Wisconsin's crime against attempted first-degree intentional homicide as a question of law). Courts are generally not bound by a party's concession on issues of law. *State v. Kruzycki,* 192 Wis. 2d 509, 517, 531 N.W.2d 429 (Ct. App. 1995) (stating that a question of law "cannot be bargained away"). Rather, WIS. STAT. § 939.62(2m)(d) expressly requires a court to independently determine if an out-of-state conviction qualifies as a "serious felony." This provision

does not permit courts to assume that a crime committed in another state would be a "serious felony" if committed in Wisconsin.

¶ 14. Therefore, while a defendant can admit that he or she was convicted of a particular crime in another state and thus relieve the State of its burden to prove this, a defendant's admission that an out-of-state crime is a "serious felony" does not relieve a court of its obligation to make an independent determination on this issue. To hold otherwise would permit a court to base a persistent repeater enhancement on an out-of-state disorderly conduct conviction, so long as that defendant "admitted" that disorderly conduct in the other state would be a "serious felony" in Wisconsin. We therefore conclude that the circuit court erred when it did not determine whether Collins's Illinois violation would be a "serious felony" if committed in Wisconsin.

¶ 15. However, because Collins has admitted that he was convicted of "second degree murder" in Illinois, and whether an out-of-state crime is "comparable" to a "serious felony" under WIS. STAT. § 939.62(2m) is a question of law, we may determine independently if "second degree murder" in Illinois would be a "serious felony" if committed in Wisconsin. In *Burroughs*, a case that also involved the application of WIS. STAT. § 939.62(2m)(d), we made this determination by comparing the elements of the out-of-state crime ("assault with intent to murder") with those of the Wisconsin crime for attempted first-degree intentional homicide, and then by examining how the other state's

judiciary had interpreted the elements of its crime. 2002 WI App 18 at ¶¶ 25–27.[6]

[6] This view is consistent with *State v. Campbell*, 2002 WI App 20, 250 Wis. 2d 238, 642 N.W.2d 230, which was decided the same week as *State v. Burroughs*, 2002 WI App 18, 250 Wis. 2d 180, 640 N.W.2d 190. In *Campbell*, the issue involved how to determine whether a "crime" committed in another state would be a felony if committed in Wisconsin for the purpose of the ban on felony possession of a firearm. *See* WIS. STAT. § 941.29(1)(b) (prohibiting a person from possessing a firearm if he or she has been "[c]onvicted of a crime elsewhere that would be a felony if committed in this state").

We concluded that because the legislature has defined "crime" in chapters 939 through 948 as "*conduct* which is prohibited by state law and punishable by fine or imprisonment or both," the circuit court was not limited to comparing elements of statutes. *Campbell*, 2002 WI App 20 at ¶ 7. Instead, we concluded that it was the underlying conduct that controlled whether the out-of-state conviction would be considered a felony in Wisconsin. *Id.* at ¶ 10.

WISCONSIN STAT. § 939.62(2m)(d) uses the phrase "violation relating to that conviction" instead of "crime," but we do not view this difference as indicating a different intent. *See* BLACK'S LAW DICTIONARY (7th ed. 1999) (defining violation as an "*act* of breaking or dishonoring the law"). Generally, the legislature has indicated a focus on conduct when considering out-of-state convictions. *See* WIS. STAT. §§ 939.62(3)(b) (referring to "crimes committed in other jurisdictions"), 940.43(5) (stating that an individual convicted of intimidating a witness is guilty of a Class D felony if the defendant has previously been convicted of an *act* in another state that would violate the Wisconsin intimidation statutes), 948.13(1)(b) (stating that a "crime" committed in another state is a "serious child sex offense" if it is comparable to a "crime" in Wisconsin classified as a "serious child sex offense"). *But see* WIS. STAT. § 961.48(3) (stating that an offense is a second or subsequent offense if offender has been previously "convicted under ... any *statute* ... of any state relating to controlled substances") (emphasis added).

¶ 16. "Second Degree Murder" is prohibited in Illinois by ILL. REV. ST. 1987, ch. 38 § 9–2,[7] which provides in part:

> **Second Degree Murder.** (a) A person commits the offense of second degree murder when he commits the offense of first degree murder as defined in paragraphs (1) or (2) of subsection (a) of Section 9–1 of this Code and either of the following mitigating factors are present:
>
> (1) At the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed; or
>
> (2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable.

However, as we suggested in *Campbell*, although the focus regarding out-of-state convictions is on the underlying conduct, this does not mean that the only way to prove that conduct is an investigation of the factual background of each case. *See Campbell*, 2002 WI App 20 at ¶ 10 n.3. Rather, when an individual is convicted under a statute that has elements equivalent to those in a Wisconsin statute and those elements have been interpreted by the other state's judiciary to have the same meaning, then this necessarily implies that the defendant's conduct in the other state would also be prohibited in Wisconsin, even if the particular facts of the out-of-state conviction are unknown.

[7] Collins was charged under the 1987 version of the Illinois statutes. Although both first- and second-degree murder have been renumbered since then, the substance of the relevant provisions of both statutes remain unchanged. *See* 720 ILCS § 5/9–1 and 2 (West 2000).

708

(b) Serious provocation is conduct sufficient to excite an intense passion in a reasonable person.

Section 9–1, in turn, provides in relevant part:

(a) A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(1) he either intends to kill or do great bodily harm to that individual or another or knows that such acts will cause death to that individual or another; or

(2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another.

¶ 17.   Therefore, to obtain a conviction for second-degree murder, the State must prove that the defendant either intended to kill or cause great bodily harm to the victim or knew that his or her acts would create a strong probability of death or great bodily harm. *See People v. Willis*, 577 N.E.2d 1215, 1224–25 (Ill. App. Ct. 1991). The mitigating factors recognized by the statute are:   (1) a sudden and intense passion resulting from serious provocation; or (2) an actual, but unreasonable belief that circumstances required use of deadly force as a means of self-defense. *People v. Salgado*, 678 N.E.2d 648, 658 (Ill. App. Ct. 1997); *People v. Fausz*, 449 N.E.2d 78, 80 (Ill. 1983).[8]

¶ 18.   Illinois's second-degree murder crime is substantially similar to Wisconsin's second-degree intentional homicide under Wis. Stat. § 940.05 (1987–88). An

---

[8] Before 1987, second-degree murder was called "voluntary manslaughter" by the Illinois legislature. However, case law pertaining to manslaughter is applicable to first-degree and second-degree murder. *People v. Lewis*, 594 N.E.2d 414, 419 (Ill. App. Ct. 1992).

individual commits second-degree intentional homicide when he or she intentionally causes the death of another but does so in the context of certain mitigating circumstances, such as adequate provocation or unnecessary defensive force. *See* WIS. STAT. §§ 940.01(2) (1987–88) and 940.05(1) (1987–88). Both Wisconsin and Illinois include in the definition of intent knowledge that the victim will die as a result of the conduct. *Compare* WIS. STAT. § 939.23(4) (1987–88) *with* ILL. REV. ST. 1987 ch. 38 § 9–1.

¶ 19. Although there are several differences between the Illinois crime of second-degree murder and the Wisconsin crime of second-degree intentional homicide, none of them work to invalidate Collins's sentence as a persistent repeater. One difference between the Wisconsin and Illinois statutes is that second-degree intentional homicide requires intent to *kill* while second-degree murder requires only intent to do *great bodily harm*. But even if the jury in the Illinois case concluded only that Collins had intended to do great bodily harm, this would, at minimum, be considered aggravated battery under WIS. STAT. § 940.19(2) (1987–88),[9] which is also a "serious felony" under the persistent repeater statute. *See* WIS. STAT. § 939.62(2m)(a)2m.b and d.[10]

---

[9] WISCONSIN STAT. § 940.19(2) (1987–88) provides: "Whoever causes great bodily harm to another by an act done with intent to cause great bodily harm to that person or another with or without the consent of the person so harmed is guilty of a Class C Felony."

[10] WISCONSIN STAT. § 940.19(2) (1987–88) has since been renumbered and amended to include intent to cause "substantial bodily harm" in addition to intent to cause "great bodily harm." *See* WIS. STAT. § 940.19(5). Because this change makes the statute broader, we have no difficulty concluding that § 940.19(2) (1987–88) is comparable to § 940.19(5).

¶ 20. Also, second-degree murder in Illinois requires only that the defendant know that there is "a strong probability" of death or great bodily harm while second-degree intentional homicide in Wisconsin requires that the defendant know his or her conduct is "practically certain" to cause the victim's death. *Compare* WIS. STAT. § 939.23(4) (1987–88) *with* ILL. REV. ST. 1987 ch. 38 § 9–1. But an individual who killed another with the knowledge that there was "a strong probability" that the victim would die could be convicted of second-degree reckless homicide under WIS. STAT. § 940.06 (1987–88), which is also a "serious felony," as that statute requires only that the defendant was aware that his or her conduct created "an unreasonable and substantial risk of death or great bodily harm." *See* WIS. STAT. § 939.24(1) (1987–88); WIS JI—CRIMINAL 1060. Although the Illinois judiciary does not appear to have precisely defined the meaning of "strong probability," it has repeatedly indicated that it is a more demanding standard than is recklessness. *See, e.g., People v. Sims,* 617 N.E.2d 411, 418 (Ill. App. Ct. 1993).

¶ 21. We need not address the differences between the mitigating circumstances with respect to second-degree murder in Illinois and second-degree intentional homicide in Wisconsin. To obtain a conviction for either crime, the State must prove the defendant satisfied the elements of first-degree murder (or intentional homicide). Therefore, to the extent that Illinois has created statutory mitigating factors that Wisconsin has not, this only means that an act that would be a second-degree murder in Illinois would be a first-degree intentional homicide in Wisconsin. And to the extent that Wisconsin has created additional mitigating circumstances that Illinois has not, this means only that someone convicted of *first*-degree murder in

Illinois would, in Wisconsin, be convicted of second-degree intentional homicide. It would have no effect on those convicted of second-degree murder in Illinois. '

■

¶ 22. Based on the above discussion, we can conclude as a matter of law that Collins's conviction for second-degree murder in Illinois would also be a "serious felony" under WIS. STAT. § 939.62(2m) if it had been committed in Wisconsin. Collins was therefore properly sentenced as a persistent repeater.

¶ 23. As the above discussion illustrates, determining whether a crime in another state is "comparable" to a "serious felony" will not always be a simple task, as states often vary in how they define particular crimes. Since the underlying question is whether the defendant's *conduct* in the other state would be a serious felony if performed in Wisconsin, *cf. Campbell*, 2002 WI App 20 at ¶ 10, one way to determine that an out-of-state crime is comparable may be to seek an admission from the defendant of the *facts* upon which the out-of-state conviction was based. That way, the circuit court will not have to consider all of the possible ways that the out-of-state crime may differ from the Wisconsin crime. If the defendant's conduct would have been a "serious felony" in Wisconsin, then the court need not even consider the elements of the crime in the other state.

■

¶ 24. Of course, in many instances, the defendant will not admit to the past conviction, much less the conduct upon which the conviction was based. In those cases, if the out-of-state conviction was entered after a guilty or no contest plea, the circuit court may consider as admitted the facts that were alleged in the charging instrument, assuming that the State has sufficiently

proven the conviction itself and has obtained the necessary documents from the record in the out-of-state case. *See id.* at ¶ 8; *see also State ex rel. Skinkis v. Treffert,* 90 Wis. 2d 528, 539, 280 N.W.2d 316 (Ct. App. 1979). If the underlying facts of the previous conviction are unknown, however, the circuit court must carefully determine whether the out-of-state crime is "comparable" by comparing the out-of-state crime's elements and that state judiciary's interpretation of those elements with those of the Wisconsin crime. If this examination demonstrates that, by being convicted of the out-of-state crime, the defendant necessarily engaged in conduct that would be a "serious felony" if committed in Wisconsin, the defendant may be sentenced as a persistent repeater. In some instances this could be a complicated exercise, but persistent repeater status carries with it a requirement that circuit courts sentence defendants to life in prison without the possibility of parole. When the interests at stake are so great, the need for accurate decisionmaking is heightened. We cannot conclude that WIS. STAT. § 939.62(2m)(d), by recognizing this need, has imposed an unreasonable burden.

*By the Court.*—Judgment affirmed.