STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald R. WIELD, Defendant-Appellant.†

Court of Appeals

*No. 02–2242–CR. Submitted on briefs June 9, 2003.—Decided July 30, 2003.*

2003 WI App 179

(Also reported in 668 N.W.2d 823.)

† Petition to review denied 10-1-03.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Sandra L. Nowack*, assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. Donald R. Wield appeals his life sentence without possibility of parole pursuant to the "persistent repeater" statute or "two strikes" law,

WIS. STAT. § 939.62(2m)(a)1m, (b)2 and (c) (2001–02),[1] after a conviction of first-degree sexual assault of a child contrary to WIS. STAT. § 948.02(1). Wield additionally

---

[1] WISCONSIN STAT. § 939.62(2m)(a)1m, (b)2 and (c) (2001–02) compose Wisconsin's "two strikes" law. *State v. Radke*, 2003 WI 7, ¶ 2 n.2, 259 Wis. 2d 13, 657 N.W.2d 66. It provides:

(2m)(a) In this subsection:

1m. "Serious child sex offense" means any of the following:

a. A violation of s. 948.02, 948.025, 948.05, 948.055, 948.06, 948.07, 948.08 or 948.095 or 948.30 or, if the victim was a minor and the convicted person was not the victim's parent, a violation of s. 940.31.

b. A crime at any time under federal law or the law of any other state or, prior to July 16, 1998, under the law of this state that is comparable to a crime specified in subd. 1m.a.

. . . .

(b) The actor is a persistent repeater if one of the following applies:

. . . .

2. The actor has been convicted of a serious child sex offense on at least one occasion at any time preceding the date of violation of the serious child sex offense for which he or she presently is being sentenced under ch. 973, which conviction remains of record and unreversed.

. . . .

(c) If the actor is a persistent repeater, the term of imprisonment for the felony for which the persistent repeater presently is being sentenced under ch. 973 is life imprisonment without the possibility of parole or extended supervision.

Sec. 939.62(2m).

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise indicated.

appeals the trial court's decision that the "two strikes" law is constitutional under both the United States and Wisconsin Constitutions.

¶ 2. Wield first argues that the trial court's application of the "persistent repeater" penalty is erroneously based upon his prior convictions of first-degree child sexual assault for offenses committed in 1977 and 1978. Wield contends that those convictions were based on a former statute which is not comparable to WIS. STAT. § 948.02(1), the statute under which he is currently convicted. We reject Wield's argument. We conclude that the former statute is sufficiently comparable to the current statute to support the application of the persistent repeater statute.

¶ 3. We also reject Wield's challenge to the constitutionality of the "two strikes" law based upon our supreme court's recent decision in *State v. Radke*, 2003 WI 7, 259 Wis. 2d 13, 657 N.W.2d 66.

¶ 4. We therefore affirm the sentencing provisions of the judgment of conviction.

## FACTS

¶ 5. The State filed a criminal complaint on November 30, 2000, charging Wield with one count of first-degree sexual assault of a child contrary to WIS. STAT. § 948.02(1).[2] The complaint alleged that on November 18, 2000, Deputy Andrew Colborn, an officer with the Manitowoc County Sheriff's Department, was contacted by an adult on behalf of Matthew D.F., d.o.b. July 27, 1990. Based on this contact, Colborn interviewed Matthew, who related the following events.

---

[2] The complaint also alleged that Wield had exposed his genitals to a child contrary to WIS. STAT. § 948.10. However, this charge was not alleged in the information.

While Wield was babysitting for him, Wield touched him inappropriately and exposed his genitals to him. Matthew also stated that Wield was the stepfather of his friend. Matthew showed Colborn an e-mail written by Wield stating his "love for boys" and that any sex between him and boys would be mutual.

¶ 6. At the preliminary hearing, Matthew testified to the events alleged in the complaint.[3] He identified Wield as the person who babysat for him. He stated that he had spent the night at Wield's home and at one point he and Wield were sitting on a couch watching television. Wield invited Matthew to move over near him and proceeded to cover Matthew with a blanket. Wield unzipped his pants and placed Matthew's hand on his privates. At that point, Matthew was able to see Wield's privates. Wield then held Matthew behind the back and told Matthew to pull his pants down. He then proceeded to "fiddle" with Matthew's privates and told him to "get it stiff." Wield's stepson then returned to the room and Wield stopped the activity. Based on Matthew's testimony, Wield was bound over for trial.

¶ 7. The State filed an information repeating the sexual assault charge alleged in the complaint. The information further alleged that Wield had previously been convicted of "first degree sexual assault and first degree sexual assault as a repeater . . . on October 8, 1982." As such, the information alleged that Wield was a "persistent repeater" and was subject, upon conviction, to a mandatory sentence of life imprisonment without the possibility of parole or extended supervision.

---

[3] The State also produced testimony from two other children regarding charges against Wield brought in a separate case.

¶ 8. Wield filed a motion challenging the constitutionality of Wis. Stat. § 939.62(2m)(c). Later, Wield filed an additional motion seeking dismissal of the repeater portion of the information on grounds that the prior crimes were not "comparable" as required by § 939.62(2m)(a)1m.b. Specifically, Wield's motion contended that the statute did not apply "because neither of the prior convictions referred to in the Information meets the definition of a 'Serious child sex offense' set forth in [§] 939.62(2m)(a)1m."

¶ 9. Following a motion hearing, the trial court entered a written decision deferring a ruling on Wield's motion contending that the prior crimes were not comparable to the charged offense. Instead, the court determined that the State had until sentencing to prove beyond a reasonable doubt that Wield's prior offenses would constitute a felony under Wis. Stat. § 939.62(2m)(a)1m. However, the court rejected Wield's constitutional challenge on the merits, ruling that the application of § 939.62(2m)(c) did not violate the Wisconsin Constitution or the United States Constitution.

¶ 10. Thereafter, Wield entered pleas of guilty and not guilty by reason of mental disease or defect.[4]

¶ 11. A jury trial was held on Wield's special plea of not guilty by reason of mental disease or defect. The jury answered "yes" to Wield having a mental disease but "no" to Wield lacking substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

¶ 12. Prior to sentencing, the parties submitted briefs on the pending question of whether the prior offenses were comparable to the present offense. The

---

[4] Pursuant to the plea agreement, the charges filed in the separate case were dismissed.

trial court addressed these arguments at the sentencing hearing, ruling that the former statutes under which Wield had been previously convicted were comparable to the current WIS. STAT. § 948.02(1), that the prior convictions would constitute a felony under WIS. STAT. § 939.62(2m)(a)1m.b, and therefore Wield was a persistent repeater pursuant to § 939.62(2m)(c). The court sentenced Wield to life imprisonment without possibility of release to extended supervision. Wield appeals the sentencing provisions of the judgment of conviction.

## *DISCUSSION*

### *Comparable Offenses*

¶ 13. Wield challenges the trial courts application of WIS. STAT. § 939.62(2m)(c) to his sentence. Specifically, Wield contends that his prior offenses are not comparable within the meaning of § 939.62(2m)(a)1m.b. and therefore cannot constitute prior predicate felonies which would allow for an enhanced sentence. This issue involves the interpretation of the former and current child sexual assault statutes, an exercise presenting a question of law that we review de novo. *See State v. Campbell*, 2002 WI App 20, ¶ 4, 250 Wis. 2d 238, 241, 642 N.W.2d 230, *review denied*, 2002 WI 48, 252 Wis. 2d 150, 644 N.W.2d 686 (Wis. Apr. 22, 2002) (No. 01–0758–CR).

¶ 14. Pursuant to WIS. STAT. § 939.62(2m)(a)1m, (b)2 and (c), Wisconsin's "two strikes" law, a court is required to sentence a persistent repeat offender of a serious child sex offense to life imprisonment without the possibility of parole. A person is a persistent repeat offender if he or she "has been convicted of a serious

child sex offense on at least one occasion at any time preceding the date of violation of the serious child sex offense for which he or she presently is being sentenced under ch. 973, which conviction remains of record and unreversed." Sec. 939.62(2m)(b)2. In addition to child sex offenses under current statutes, a "serious child sex offense" also includes "[a] crime at any time under federal law or the law of any other state or, prior to July 16, 1998, under the law of this state that is comparable to a crime specified in subd. 1m.a." Sec. 939.62(2m)(a)1m.b.

¶ 15. Wield's current conviction is for first-degree sexual assault contrary to WIS. STAT. § 948.02(1), which is a serious child sex offense under WIS. STAT. § 939.62(2m)(a)1m.a. Section 948.02(1) makes it a Class B felony to have "sexual contact or sexual intercourse with a person who has not attained the age of 13 years." For purposes of this statute, the term "sexual contact" is defined as:

> Intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant.

Sec. 948.01(5)(a).

¶ 16. Wield's previous convictions of first-degree sexual assault were under a statute which penalized sexual contact with "a person 12 years of age or younger," WIS. STAT. § 940.225(1)(d) (1977), and defined "sexual contact" as follows:

> any intentional touching of the intimate parts, clothed or unclothed, of a person to the intimate parts, clothed

or unclothed, of another, or the intentional touching by hand, mouth or object of the intimate parts, clothed or unclothed, of another, if that intentional touching can *reasonably be construed* as being for the purpose of sexual arousal or gratification . . . .

Sec. 940.225(5)(b) (1977) (emphasis added).

¶ 17. Wield argues that the language of WIS. STAT. § 940.225(5)(b) (1977) is not comparable to WIS. STAT. § 948.01(5)(a) because the phrase "reasonably be construed" was eliminated in the current statute. Although both statutes are denominated "first degree sexual assault of a child," Wield contends that they are substantively different. Specifically, Wield argues that under the former statute, the State was not required to prove that the defendant actually engaged in the contact "for the purpose" of becoming sexually aroused or gratified but rather only needed to show that the contact could "reasonably be construed" as being for that purpose. Stated differently, Wield argues the language in the 1977 statute employed an objective scienter element, allowing a jury to find a person guilty of sexual assault even if it harbors a reasonable doubt that the person engaged in the contact for the requisite sexual purpose. Under the current statute, Wield argues that the test for the element of scienter is subjective. Given the difference in these elements, Wield reasons that the two statutes are not comparable.

¶ 18. While Wield recognizes that the language of statutes does not need to be "identical" under *State v. Burroughs*, 2002 WI App 18, ¶ 27, 250 Wis. 2d 180, 640 N.W.2d 190, *review denied*, 2002 WI 48, 252 Wis. 2d 150, 644 N.W.2d 686 (Wis. Apr. 22, 2002) (No. 01–0738–CR), he contends that we are obliged to employ an "elements only" analysis as set out in *Blockburger v. United States*,

284 U.S. 299 (1932). We disagree. Although the court applied the "elements only" test in *Burroughs*, nowhere did the court hold that this was the only methodology for assessing whether the statutes under inquiry are "comparable."[5] In fact, in a subsequent case, this court

[5] Even applying the "elements only" test, we reject Wield's argument. While the wording of the two statutes facially supports Wield's contention that the 1977 statute stated an objective test for intent while the current statute is stated in more subjective terms, the jury instructions for both the former and current statutes reveal that the actual application of the prior statute was very similar to that of the current statute. The jury instruction for sexual contact under the current statute, WIS. STAT. § 948.01(5), addresses the issue of intent as follows: "You cannot look into a person's mind to find intent. Intent must be found, if found at all, from the defendant's acts, words, and statements, if any, and from all the facts and circumstances bearing upon intent." WIS JI—CRIMINAL 2101A. This is similar to the jury instruction used in 1982, when the language "reasonably be construed" was part of the statute. That instruction stated:

> You cannot look into a person's mind to find out his intent. You may determine such intent directly or indirectly from all the facts in evidence concerning this offense . . . . [Y]ou must not find the defendant guilty unless you are satisfied beyond a reasonable doubt that the defendant had sexual contact with [the victim] with intent to . . . become sexually aroused or gratified.

WIS JI—CRIMINAL 1207 (1980). Thus, the language by which a jury would determine a defendant's intent under the prior statute or the current statute uses the same subjective standards. As we have noted, statutes may be comparable even though they are worded differently. *See State v. Burroughs*, 2002 WI App 18, ¶ 27, 250 Wis. 2d 180, 640 N.W.2d 190, *review denied*, 2002 WI 48, 252 Wis. 2d 150, 644 N.W.2d 686 (Wis. Apr. 22, 2002) (No. 01–0738–CR). Here, although the statutes are worded differently, their practical application in the real world of the courtroom was similar.

conducted a "comparable" analysis by considering whether the defendant's conduct under the statute governing the prior conviction would constitute a felony under the current statute. *See State v. Collins*, 2002 WI App 177, ¶ 23, 256 Wis. 2d 697, 649 N.W.2d 325, *review denied*, 2002 WI 121, 257 Wis. 2d 119, 653 N.W.2d 891 (Wis. Sept. 26, 2002) (No. 01–2185–CR).[6] Thus, we are entitled to consider whether Wield's conduct which produced the prior convictions would be a "serious child sex offense" if performed under the current statute. If Wield's conduct would have been a serious child sex offense under the current statute, "then the court need not even consider the elements of the crime" under the former statute governing the prior conviction. *See id*.

¶ 19. Looking to the facts of Wield's prior convictions, it is readily apparent that the conduct underlying those convictions would constitute a "serious child sex offense" under the current statute. The 1977 offense was based on a complaint that Wield had "fondled and squeezed the testicles and penis of the male juvenile through his underwear." The 1978 offense was based on a complaint that Wield had "sucked on and fondled" the genitals of an eight-year-old boy. Pursuant to Wis. Stat. § 939.62(2m)(d),[7] the trial court expressly found beyond a reasonable doubt that, if committed today, Wield's prior conduct in 1978 would fall under the current

---

[6] We note that in *State v. Collins*, 2002 WI App 177, ¶ 23, 256 Wis. 2d 697, 649 N.W.2d 325, *review denied*, 2002 WI 121, 257 Wis. 2d 119, 653 N.W.2d 891 (Wis. Sept. 26, 2002) (No. 01–2185–CR), the court was considering the comparability of an out-of-state statute to a Wisconsin statute. However, this distinction offers no basis for rejecting the application of *Collins* to this case.

[7] WISCONSIN STAT. § 939.62(2m)(d) provides as follows: ˙

definition of "sexual contact" in WIS. STAT. § 948.01(5)(a) ("Intentional touching by the . . . defendant, either directly or through clothing by the use of any body part . . . of the complainant's . . . intimate parts if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant."). The correctness of the trial court's holding is beyond dispute, and it follows that the two statutes in question are comparable as required by § 939.62(2m)(a)1m.b. As such, the trial court properly applied the "persistent repeater" provision pursuant to § 939.62(2m)(c).

*Constitutionality of* WIS. STAT. *§ 939.62(2m)*

¶ 20. Wield next argues that the "two strikes" portion of the persistent repeater statute violates the substantive due process and equal protection provisions of the Wisconsin and United States Constitutions. This argument presents a question of law that we review de novo. *See State v. Coolidge,* 173 Wis. 2d 783, 789, 496 N.W.2d 701 (Ct. App. 1993).

¶ 21. The Wisconsin Supreme Court has recently upheld the constitutionality of this statutory scheme in

---

If a prior conviction is being considered as being covered under par. (a)1m.b. . . . as comparable to a felony under par. (a)1m.a. . . . the conviction may be counted as a prior conviction under par. (b) only if the court determines, beyond a reasonable doubt, that the violation relating to that conviction would constitute a felony specified under par. (a)1m.a. . . . if committed by an adult in this state.

*Radke*, 259 Wis. 2d 13, ¶ 7.[8] There, the defendant complained that under Wɪs. Sᴛᴀᴛ. § 939.62(2m)(a)1m, a *second* conviction for a Class B felony "serious child sex offense" must be punished by life imprisonment without the possibility of parole whereas § 939.62(2m)(b)1 provided the same punishment to a person convicted of a *third* Class A homicide felony. *Radke*, 259 Wis. 2d 13, ¶¶ 2–3. The defendant claimed that this dichotomy between the "two strikes" law and the "three strikes" law represented an irrational sentencing scheme in violation of the due process provisions of the Wisconsin and United States Constitutions.[9] *Id.*, ¶¶ 4–5. The court gave several reasons for upholding this statute, stating:

> [W]e conclude that the legislature's interest in protecting the public from child sexual assault offenders, a particular subset of offenders with a perceived high rate of recidivism who victimize an especially vulnerable segment of the population, makes it rational for the legislature to impose a greater penalty on an offender convicted of a second Class B non-fatal child

---

[8] We are tempted to invoke waiver against Wield as to this issue because in the trial court his constitutional challenge was premised on ex post facto grounds whereas on appeal he argues due process and equal protection violations. However, the State does not argue waiver, and Wield concedes in his reply brief that *Radke* requires us to reject his constitutional challenge.

[9] In the trial court, Radke had raised both a due process and equal protection challenge. *Radke*, 259 Wis. 2d 13, ¶ 6. However, the supreme court's decision in *Radke* was limited to a due process challenge. *Id.*, ¶ 5. As noted, Wield's constitutional challenge on appeal includes both a due process and an equal protection claim. However, since Wield concedes that *Radke* governs his constitutional challenges, we do not discuss the equal protection aspects of this case further.

sexual assault than on an offender convicted of a second Class A felony homicide offense.

*Id.*, ¶ 36. We conclude that the supreme court's decision upholding the constitutionality of the "two strikes" portion of the persistent repeater statute defeats Wield's constitutional challenge.

## *CONCLUSION*

¶ 22. We conclude that WIS. STAT. § 948.02(1) is comparable to the 1977 statute, WIS. STAT. § 940.225(1)(d). Thus, the trial court properly relied on Wield's prior convictions as a basis for the "persistent repeater" portion of the sentence. We also conclude that the "two strikes" law is constitutional pursuant to *Radke*. We therefore affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.