STATE of Wisconsin, Plaintiff-Respondent,†

v.

Yancy D. FRELAND, Defendant-Appellant.

Court of Appeals

*No. 2010AP496. Oral argument February 10, 2011.*
*—Decided May 26, 2011.*

2011 WI App 80

(Also reported in 800 N.W.2d 18.)

† Petition for Review Filed.

772

On behalf of the defendant-appellant, the cause was submitted on the briefs of and oral argument by *Michael D. Zell* of *Zell Law Office*, Stevens Point.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Rebecca Rapp St. John*, assistant attorney general, and *J.B. Van Hollen*, attorney general. There was oral argument by *Rebecca Rapp St. John*.

Before Vergeront, P.J., Sherman and Blanchard, JJ.

¶ 1. SHERMAN, J. Yancy Freland appeals a judgment of conviction for failing to provide sex offender information, contrary to Wis. Stat. § 301.45(2)(e)2m. (2007–08),[1] a class H felony, and an order denying his postconviction motion to withdraw his guilty plea to that offense. Freland contends that his plea was not knowing, voluntary or intelligent because he was not aware that the conviction underlying his § 301.45(2)(e)2m. offense, an out-of-state conviction, was eligible for misdemeanor treatment under § 301.45(6). We: (1) interpret § 301.45(6) to provide misdemeanor treatment for out-of-state sexual offenses that are comparable to misdemeanor sex offenses under Wisconsin law; (2) conclude that Freland's underlying

---

[1] Wisconsin Stat. § 301.45(2)(e)2m. provides:

> If the person is registered as a sex offender in another state or is registered as a sex offender with the federal bureau of investigation under 42 USC 14072, within 10 days after the person enters this state to take up residence or begin school, employment or his or her vocation.

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

775

out-of-state conviction was comparable to a Wisconsin misdemeanor sex offense; and (3) conclude that Freland's plea was not knowingly, intelligently, or voluntarily entered because he was not aware that his violation was eligible for misdemeanor treatment under § 301.45(6), and was not aware that his violation of § 301.45(2)(e)2m. was a misdemeanor, not a class H felony. Consequently, we reverse the circuit court's denial of Freland's motion to withdraw his plea and remand for further proceedings.

## I. BACKGROUND

¶ 2. In November 2000, Freland was convicted in Minnesota of criminal sexual conduct in the fifth degree, a gross misdemeanor, contrary to MINN. STAT. § 609.3451.1(1). "A person is guilty of criminal sexual conduct in the fifth degree: (1) if the person engages in nonconsensual sexual contact." Section 609.3451.1(1). As a result of the conviction, Freland was required to register as a sex offender in Minnesota.

¶ 3. In May 2007, Freland was charged in Wisconsin with failing to provide the Wisconsin Department of Corrections with sex offender information, as a Class H felony,[2] contrary to WIS. STAT. § 301.45(2)(e)2m. In August 2007, Freland was convicted of this charge upon his guilty plea. Sentence was withheld and he was placed on probation. One year later, on August 6, 2008, Freland's probation was revoked and he was sentenced

---

[2] A person who fails to comply with the registry requirements of WIS. STAT. § 301.45 is guilty of a Class H felony *unless* two conditions are both met:

 a. The person was ordered under s. 51.20(13)(ct)1m., 938.34(15m)(am), 938.345(3), 971.17(1m)(b)1m., or 973.048(1m) to comply with the reporting requirements under this section based on a finding that he or she committed or solicited, conspired, or attempted to commit a misdemeanor.

to four years of imprisonment, with two years of initial confinement and two years of extended supervision.

¶ 4. On September 14, 2009, Freland filed a post-conviction motion to withdraw his plea on the grounds that he was wrongfully convicted of a felony, rather than a misdemeanor, and that his plea was therefore not knowingly, intelligently and voluntarily given. At the motion hearing, Freland argued that under WIS. STAT. § 301.45(6), failure to register as a sex offender is a misdemeanor if the underlying conviction was for an offense that is a misdemeanor and the offender has not previously been convicted for failure to register as a sex offender.[3] Freland asserted that the Minnesota conviction giving rise to the requirement for him to register as a sex offender was a misdemeanor.

¶ 5. In response, the State argued at the motion hearing that the plain language of WIS. STAT. § 301.45(6)(a)2. affords misdemeanor treatment for failure to register as a sex offender only if the requirement to register arose under certain particular Wisconsin statutes, effectively arguing that only Wisconsin misdemeanor sex offenses qualify. The circuit court denied Freland's motion to withdraw his plea. Freland appeals.

## II. DISCUSSION

¶ 6. Freland contends that he is entitled to withdraw his plea because it was not knowingly, intelligently and voluntarily given since he was not aware

---

b. The person was not convicted of knowingly failing to comply with any requirements to provide information under subs. (2) to (4) before committing the present violation.

Section 301.45(6)(a)2.

[3] There is no dispute that Freland has not previously been convicted for failure to register as a sex offender.

that the potential penalty he faced for violating WIS. STAT. § 301.45(2)(e)2m. was a misdemeanor, not a class H felony, under § 301.45(6)(a).[4]

¶ 7. Before we can address whether Freland's plea was knowingly, intelligently and voluntarily given, we must first determine whether he is correct that his violation of WIS. STAT. § 301.45(2)(e)2m. constituted a misdemeanor.

### A. WISCONSIN STAT. § 301.45(6)(a)2.

#### 1. *WISCONSIN STAT. § 301.45(6)(a)2. Applies to Out-of-State Misdemeanors*

¶ 8. WISCONSIN STAT. § 301.45(6) sets forth the penalties for failure to comply with Wisconsin's sex offender registration requirements. The subsection relevant to this case reads:

(a) Whoever knowingly fails to comply with any requirement to provide information under subs. (2) to (4) is subject to the following penalties:[5]

1. Except as provided in subd. 2., the person is guilty of a Class H felony.

2. The person may be fined not more than $10,000 or imprisoned for not more than 9 months or both if all of the following apply:

---

[4] Freland also argues that he is entitled to withdraw his plea because his trial counsel was ineffective for failing to identify the possible difference in his penalty. Because we determine that Freland's plea was not knowing, intelligent and voluntary, we do not address the merits of this argument. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of the appeal, the court will not decide other issues raised).

[5] Freland was charged in this case with violating WIS. STAT. § 301.45(2)(e)2m.

a. The person was ordered under s. 51.20(13)(ct)1m., 938.34(15m)(am), 938.345(3), 971.17(1m)(b)1m., or 973.048(1m) to comply with the reporting requirements under this section based on a finding that he or she committed or solicited, conspired, or attempted to commit a misdemeanor.

b. The person was not convicted of knowingly failing to comply with any requirement to provide information under subs. (2) to (4) before committing the present violation.

Section 301.45(6).

¶ 9. Both Freland and the State take somewhat different approaches to the interpretation of WIS. STAT. § 301.45(6) than they did before the circuit court. They now agree that out-of-state convictions may warrant misdemeanor treatment under § 301.45(6)(a)2. However, they disagree on both the legal basis for that conclusion and how to determine which prior convictions qualify as misdemeanors under § 301.45(6)(a)2.

¶ 10. Statutory interpretation presents a question of law which we review de novo. *State v. Cole,* 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432. The goal of statutory interpretation is to give effect to the intent of the legislature. *Lake City Corp. v. City of Mequon,* 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). An appellate court begins with the plain language of the statute itself. *Id.* However, we do not read statutory language in isolation. We examine the language " 'as part of a whole; in relation to the language of surrounding or closely related statutes.' " *State v. Warbelton,* 2008 WI App 42, ¶ 13, 308 Wis. 2d 459, 747 N.W.2d 717 (quoted source omitted). We, therefore, consider WIS. STAT. § 301.45(6) in the context of the entirety of § 301.45, the statute of which it is a part and which

creates and defines the sex offender registration program.

¶ 11. WISCONSIN STAT. § 301.45(1g) lists fifteen circumstances under which a person is required to register as a sex offender. Included in this list is a person who "is registered as a sex offender in another state or is registered as a sex offender with the federal bureau of investigation under 42 USC 14072." Section 301.45(1g)(f). Also required to register are persons who have "been found to have committed a sex offense by another jurisdiction." Section 301.45(1g)(g).[6]

¶ 12. WISCONSIN STAT. § 301.45(1d)(am)1. specifically defines has been "[f]ound to have committed a sex offense by another jurisdiction" to include a person who has been convicted "for a violation of a law of another state that is comparable to a sex offense."[7] Taken as a whole, the language of § 301.45 evidences a legislative intent to include out-of-state sex offenses. By its express language, § 301.45(1g) includes only those out-of-state offenses that are "comparable to a [Wisconsin] sex offense."

██

¶ 13. Based upon this legislative intent, we interpret WIS. STAT. § 301.45(6)(a)2. to include out-of-state misdemeanors that are "comparable to a sex offense." *See* § 301.45(1d)(am)1.[8]

---

[6] There is no dispute that Freland is registered as a sex offender in another state or that he committed a sex offense in another jurisdiction.

[7] "Sex offense" is defined in WIS. STAT. § 301.45(1d)(b).

[8] Freland contends that construing the statute to exclude out-of-state misdemeanors would violate both his substantive due process and equal protection rights. The State disagrees. However, we need not address this argument because we have concluded that WIS. STAT. § 301.45 includes out-of-state misde-

### 2. Minnesota Stat. § 609.3451.1(1) is "Comparable to a Sex Offense"

■

¶ 14. Having determined that out-of-state misdemeanor convictions that are comparable to Wisconsin misdemeanors are included within the scope of Wis. Stat. § 301.45(6)(a)2., we next determine whether the Minnesota statute under which Freland was previously convicted is "comparable to a sex offense."

¶ 15. This court has addressed the issue of how out-of-state crimes are compared with Wisconsin criminal law requirements in two recent cases. *See State v. Campbell*, 2002 WI App 20, 250 Wis. 2d 238, 642 N.W.2d 230; *State v. Collins*, 2002 WI App 177, 256 Wis. 2d 697, 649 N.W.2d 325.

¶ 16. In *Campbell*, we considered whether an Ohio forgery law would constitute a felony in Wisconsin for purposes of Wisconsin's felon in possession of a firearm prohibition. Under Wis. Stat. § 941.29(1)(b) (2009–10), a person is prohibited from possessing a firearm if he or she was "[c]onvicted of a crime elsewhere that would be a felony if committed in this state." *See also Campbell*, 250 Wis. 2d 238, ¶ 5. Campbell argued that, because the Ohio felony forgery statute was broader than the Wisconsin felony forgery statute, prohibiting conduct that the Wisconsin law did not, we could not consider the Ohio law comparable to the Wisconsin law. We disagreed:

> We agree with Campbell that the Ohio forgery statute is broader than Wisconsin's, and that looking solely at the language of the Ohio Statute would be insufficient to prove that Campbell was guilty of possessing a firearm as a felon. However, we are not limited to considering the language of the statute.

meanors. *See State v. Hamdan*, 2003 WI 113, ¶ 27 n.9, 264 Wis. 2d 433, 665 N.W.2d 785.

Rather, we agree with the State that the circuit court was entitled to look at the underlying conduct supporting Campbell's conviction. The term "crime" is defined in Wis. Stat. § 939.12 as "*conduct* which is prohibited by state law and punishable by fine or imprisonment or both." (Emphasis added.) Further, Wis. Stat. § 939.22(6), provides that the meaning of "crime" in § 939.12, is applicable to chapters 939 through 948 of the Wisconsin Statutes. Therefore, in determining whether Campbell violated Wis. Stat. § 941.29(2), the circuit court properly considered Campbell's conduct that led to his conviction in Ohio.

*Id.*, ¶¶ 6–7. While this language states that the circuit court *was entitled to* look at the conduct, the opinion goes on to state "[o]ur statutes define crimes as 'conduct,' and, therefore, we are required to interpret § 941.29 in light of that definition." *Id.*, ¶ 11. In a footnote, we explained however:

Perhaps the State can prove conduct by showing that all the elements of a Wisconsin felony are included in the elements of an out-of-state crime, and that the other state's judiciary has interpreted the elements of the out-of-state crime in a way which would make that conduct a Wisconsin felony. This issue is not present, here, however, and we do not address it.

*Id.*, ¶ 10 n.3.

¶ 17. *Collins* involved a persistent repeater issue. We addressed whether the State can prove conduct by showing that all the elements of a Wisconsin felony are included in the elements of an out-of-state crime. *See id.* We found an Illinois murder statute "comparable" to a Wisconsin homicide statute. *Collins*, 256 Wis 2d 697, ¶ 22–23. We compared the elements of the two statutes, rather than comparing the underlying conduct, to determine if a conviction under the Illinois statute was

782

comparable to a serious felony in Wisconsin.[9] *Id.*, ¶¶ 16–23. We explained in *Collins*:

> [A]s we suggested in *Campbell*, although the focus regarding out-of-state convictions is on the underlying conduct, this does not mean that the only way to prove that conduct is an investigation of the factual background of each case. *See Campbell*, [256 Wis. 2d 697,] ¶ 10 n.3. Rather, when an individual is convicted under a statute that has elements equivalent to those in a Wisconsin statute and those elements have been interpreted by the other state's judiciary to have the same meaning, then this necessarily implies that the defendant's conduct in the other state would also be prohibited in Wisconsin, even if the particular facts of the out-of-state conviction are unknown.

*Id.*, ¶ 15 n.6.

¶ 18. In the present case, although it would be useful to be able to compare the underlying conduct upon which Freland was convicted in Minnesota, we will proceed here, as in *Collins*, to determine whether the Minnesota statute is comparable to any Wisconsin misdemeanor sex offense by comparison of the elements. Not only is the comparison of the elements clear and straightforward, but we do not have the underlying conduct from Minnesota before us. The record does not contain any recitation of the factual basis for the finding of guilt.[10]

---

[9] *See State v. Burroughs*, 2002 WI App 18, ¶ 27, 250 Wis. 2d 180, 640 N.W.2d 190 (Alabama "assault with intent to murder" found comparable to Wisconsin "attempt" to commit first-degree intentional homicide).

[10] The State asserted at oral argument that it is known that Freland's Minnesota's sexual contact was with a three-year-old girl and therefore the conduct would be a felony in Wisconsin. We are not reviewing the factual basis for the Minnesota conviction because it is not part of the record, and further, even

¶ 19. As previously noted, MINN. STAT. § 609.3451.1 provides: "A person is guilty of criminal sexual conduct in the fifth degree: (1) if the person engages in nonconsensual sexual contact." The Minnesota misdemeanor has two elements: (1) sexual contact and (2) non-consent. This is comparable to WIS. STAT. § 940.225(3m) (2009–10), fourth-degree sexual assault: "whoever has sexual contact with a person without the consent of that person is guilty of a Class A misdemeanor." The elements of § 940.225(3m) are identical to those of § 609.3451.1(1)—(1) sexual contact and (2) without consent. We next examine whether Wisconsin and Minnesota give each of those elements comparable meaning.

¶ 20. Wisconsin defines "consent" in this context as follows:

> "Consent," as used in this section, means words or overt actions by a person who is competent to give informed consent indicating a freely given agreement to have sexual intercourse or sexual contact.

WIS. STAT. § 940.225(4) (2009–10).

¶ 21. Minnesota defines consent through case law and jury instructions in almost identical terms: "Sexual contact is considered to be consensual when 'a person's words or overt actions . . . indicate a freely given present agreement to perform a particular sexual act with [another].' " *In re A.A.M.*, 684 N.W.2d 925, 927 (Minn. App. 2004) (quoting 10 *Minn. Practice,* CRIMJIG 12.52 (1999)).[11]

---

if it were, the age of the victim is not an element of the Minnesota crime of which Freland was convicted. It is therefore not a fact that would be relevant to the comparison, as it would not be part of the conduct constituting the Minnesota conviction.

[11] "Second, the defendant's act occurred without the consent of [the other person]. 'Consent' means a person's words or

¶ 22. Although the states define "consent" in identical terms, they define "sexual contact" differently. Each has a list of specific actions that constitute "sexual contact." *See* WIS. STAT. § 940.225(5)(b) (2009–10);[12] MINN. STAT. § 609.3451.1.[13] Wisconsin's list of actions

overt actions that indicate a freely given present agreement to perform a particular sexual act with the defendant." 10 *Minn. Practice,* CRIMJIG 12.52 (1999).

[12] WISCONSIN STAT. § 940.225(5)(b) (2009–10) provides:

"Sexual contact" means any of the following:

1. Any of the following types of intentional touching, whether direct or through clothing, if that intentional touching is either for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant or if the touching contains the elements of actual or attempted battery under s. 940.19(1):

a. Intentional touching by the defendant or, upon the defendant's instruction, by another person, by the use of any body part or object, of the complainant's intimate parts.

b. Intentional touching by the complainant, by the use of any body part or object, of the defendant's intimate parts or, if done upon the defendant's instructions, the intimate parts of another person.

2. Intentional penile ejaculation of ejaculate or intentional emission of urine or feces by the defendant or, upon the defendant's instruction, by another person upon any part of the body clothed or unclothed of the complainant if that ejaculation or emission is either for the purpose of sexually degrading or sexually humiliating the complainant or for the purpose of sexually arousing or gratifying the defendant.

3. For the purpose of sexually degrading or humiliating the complainant or sexually arousing or gratifying the defendant, intentionally causing the complainant to ejaculate or emit urine or feces on any part of the defendant's body, whether clothed or unclothed.

[13] MINNESOTA STAT. § 609.3451.1 provides in relevant part:

For purposes of this section, "sexual contact" has the meaning given in section 609.341, subdivision 11, paragraph (a), clauses (i) and (iv), but does not include the intentional touching of the

constituting "sexual contact" is broader than Minnesota's. It includes all acts specified in Minnesota as well as acts that are not included in the Minnesota statute. Thus, any conduct covered by the Minnesota statute would be covered by the Wisconsin statute, but there is no conduct covered by the Minnesota statute that would not be covered by the Wisconsin statute. This is the opposite of the situation in *Campbell*, where the Ohio statute included conduct not criminal in Wisconsin and, thus, analysis of the conduct underlying the Ohio conviction was necessary. *See Campbell*, 250 Wis. 2d 238, ¶ 5.

¶ 23. However, while the actions constituting "sexual contact" in the Minnesota statute are substantially the same as the actions in the Wisconsin statute, each definition of "sexual contact" also includes an intent element, which is described differently in each. Under the Minnesota statute, the acts must be "committed with sexual or aggressive intent." MINN. STAT. §§ 609.341.11 and 609.3451.1. By comparison, under the Wisconsin statute, the conduct must be "for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant or if the touching

clothing covering the immediate area of the buttocks. Sexual contact also includes the intentional removal or attempted removal of clothing covering the complainant's intimate parts or undergarments, and the nonconsensual touching by the complainant of the actor's intimate parts, effected by the actor, if the action is performed with sexual or aggressive intent.

In addition, the referenced sections from MINN. STAT. § 609.341, subdivision 11 are: "(i) the intentional touching by the actor of the complainant's intimate parts, or . . . (iv) in any of the cases above, the touching of the clothing covering the immediate area of the intimate parts . . . .

contains the elements of actual or attempted battery under s. 940.19(1)." WIS. STAT. § 940.225(5)(b)1. (2009–10).

¶ 24. We conclude that the two intent provisions are substantially the same.[14] The Wisconsin intent elements of "for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant" are all aspects of the "sexual intent" of Minnesota law. WIS. STAT. § 940.225(5)(b)1. (2009–10). Likewise, "the elements of actual or attempted battery" in Wisconsin law evidences the "aggressive intent" required under Minnesota law. *See id.*

¶ 25. Having compared the elements of MINN. STAT. § 609.3451.1 with the elements of WIS. STAT. § 940.225(3m), we conclude that the statutes have the same two elements and that each state gives each of these elements equivalent definitions. We conclude, therefore, that the Minnesota offense of sexual assault in the fifth degree, of which Freland was convicted, is comparable to the Wisconsin misdemeanor of fourth-degree sexual assault.

B. FRELAND IS ENTITLED TO WITHDRAW HIS PLEA

¶ 26. Freland contends that his plea was not knowing, intelligent and voluntary, and that he is therefore entitled to withdraw his guilty plea, because he was never informed that he was eligible to be charged with a misdemeanor rather than a felony for his violation of WIS. STAT. § 301.45(2)(e)2m. We agree.

---

[14] *See Burroughs*, 250 Wis 2d 180, ¶ 27 ("While we acknowledge that the language of the statutes is not identical and that certain nuances may differ, this does not per se translate into a lack of comparability.")

¶ 27. When a defendant seeks to withdraw a guilty plea after sentencing, the defendant "must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.' " *State v. Brown*, 2006 WI 100, ¶ 18, 293 Wis. 2d 594, 716 N.W.2d 906 (quoted source omitted). When a guilty plea is not knowing, intelligent and voluntary, a defendant is entitled to withdraw it as a matter of right because such a plea violates fundamental due process rights. *Id.*, ¶ 19.

¶ 28. Before a circuit court may accept a plea of guilty or no contest, the court must personally address the defendant and satisfy itself that the plea is knowing, intelligent and voluntary. The court must "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged." Wis. Stat. § 971.08(1)(b) (2009–10). Put another way, the court must "personally ascertain whether a factual basis exists to support the plea." *State v. Bangert*, 131 Wis. 2d 246, 262, 389 N.W.2d 12 (1986). Whether there are "deficiencies in the plea colloquy that establish a violation of Wis. Stat. § 971.08 or other mandatory duties at a plea hearing is a question of law we review de novo." *Brown*, 293 Wis. 2d 594, ¶ 21.

¶ 29. In order for the circuit court to satisfy itself that a factual basis exists for the plea, the court must find that " 'the conduct which the defendant admits constitutes the offense charged.' " *State v. Lackershire*, 2007 WI 74, ¶ 33, 301 Wis. 2d 418, 734 N.W.2d 23 (quoted source omitted). "A defendant's failure to realize that the conduct to which [he or] she pleads guilty does not fall within the offense charged is incompatible

788

with that plea being 'knowing' and 'intelligent.' " *Id.*, ¶ 35. That is precisely Freland's situation.

¶ 30. We have concluded that Freland's failure to register as a sex offender is a misdemeanor under WIS. STAT. § 301.45(6)(a)2. and not a felony under § 301.45(6)(a)1. Therefore, the factual basis "does not fall within the offense charged [and] is incompatible with that plea being 'knowing' and 'intelligent.' " *Lackershire*, 301 Wis. 2d 418, ¶ 33.

¶ 31. Had Freland been appropriately charged with misdemeanor failure to register as a sex offender under WIS. STAT. § 301.45(6)(a)2., the maximum sentence that he could have received would have been nine months. By the time his probation was revoked in this case, he would have already completed his sentence. Further, by the time he began the appeal process, he had already served more than a year in prison, far more than he would have served had he received the maximum sentence under § 301.45(6)(a)2. He has, therefore, been inappropriately incarcerated for a substantial period of time. Therefore, in remanding to the circuit court, we direct that the matter be concluded with great dispatch.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

