**IN THE COURT OF APPEALS OF IOWA**

No. 13-0904
Filed April 16, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**YANCY DANE FRELAND,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Christopher L. McDonald (plea hearing) and Joel D. Novak (sentencing), Judges.

A defendant appeals his conviction arguing his guilty plea is not supported by a factual basis and his attorney was ineffective in failing to challenge it. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John Sarcone, County Attorney, and Justin Allen and David Porter, Assistant County Attorneys, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ. McDonald, J. takes no part.

**MULLINS, J.**

Yancy Freland appeals his conviction for failure to comply with the sex offender registry, in violation of Iowa Code section 692A.111 (2011). His conviction was elevated to a class "D" felony because the State alleged he had a prior conviction for a similar offense in Wisconsin. *See* Iowa Code § 692A.111(1). Freland contends on appeal that his attorney rendered ineffective assistance by failing to challenge his guilty plea as it was not supported by a factual basis in the record. He concedes there is a factual basis to support his conviction under the Iowa Code for failure to register as a sex offender but contends the record regarding the Wisconsin conviction, which served as the prior offense to elevate the crime to a class "D" felony, was sketchy at best. Specifically, he asserts the record does not support the conclusion the Wisconsin violation was "substantially similar" to the Iowa Code section. He also claims the court failed to judicially notice the Wisconsin statute involved in this case as required by section 692A.111(2).

Iowa Code section 692A.111 provides, in part:

> 1. A sex offender who violates any requirements of section 692A.104, 692A.105, 692A.108, 692A.112, 692A.113, 692A.114, or 692A.115 commits an aggravated misdemeanor for a first offense and a class "D" felony for a second or subsequent offense. . . . For purposes of this subsection, a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement specified in this chapter as referenced in the offense charged.
> 2. Violations in any other jurisdiction under sex offender registry provisions that are substantially similar to those contained in this section shall be counted as previous offenses. The court shall judicially notice the statutes of other states which are substantially similar to this section.

At the plea hearing, the district court inquired of Freland regarding the current

charge:

>THE COURT: Okay. Mr. Freland, you were required to register on the Iowa sex offender registry; is that correct?
>THE DEFENDANT: Yes.
>THE COURT: And you were provided with information regarding your obligations with respect to the sex offender registry; is that correct?
>THE DEFENDANT: Yes.
>THE COURT: And you did know and understand that you have an obligation to update your residency status within five days of moving; is that correct?
>THE DEFENDANT: Yes.
>. . . .
>[Defense Counsel]: But you failed to—within the five days of being basically evicted from Mr. Coffman's home, you failed to advise the Polk County sheriff of that change; is that correct?
>THE DEFENDANT: Yes, I did.
>THE COURT: And you knew you had a duty to update the registry; is that correct?
>THE DEFENDANT: Yes.

With respect to the prior Wisconsin conviction, the court inquired:

>THE COURT: Mr. Freland, you are also convicted in Wisconsin for failure to comply with the sex offender registry there; is that correct?
>THE DEFENDANT: Yes.
>THE COURT: And that is a substantially similar provision with respect to the Iowa registry; is that correct?
>THE DEFENDANT: Yes.
>THE COURT: [Prosecutor], are there any additional questions you wish to ask Mr. Freland regarding the factual basis for the plea?
>[Prosecutor]: Briefly, Your Honor. In Wisconsin, Mr. Freland, were you represented by an attorney?
>THE DEFENDANT: Yes, I was.
>[Prosecutor]: Did you plead guilty to that offense?
>THE DEFENDANT: Yes, I did.
>[Prosecutor]: That's all, Your Honor. Thank you.
>THE COURT: Thank you. [Defense Counsel]?
>[Defense Counsel]: Mr. Freland, that offense took place in 2007; is that correct?
>THE DEFENDANT: Yes.

[Defense Counsel]: Nothing further.

No further discussion was held on the record regarding the Wisconsin conviction. The minutes of testimony provided that the Clerk of Court for Wood County, Wisconsin would provide evidence that Freland was convicted in June of 2011 of "Failure to Provide Sex Offender Information"; however, no Wisconsin statute was cited. At sentencing, it came to light that Freland appealed his Wisconsin conviction, and the conviction was reduced from a felony to a misdemeanor after the appeal. Freland also stated on the record at sentencing that he was on vacation in Wisconsin for twelve days, which went over the ten-day time allowance.

A guilty plea must be supported by a factual basis. *See* Iowa R. Crim. P. 2.8(2)(b) ("The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis."). Where an attorney permits a client to plead guilty to a crime for which there is no factual basis, the attorney breaches an essential duty, and prejudice is inherent. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). On appeal, we may look to the entire record before the district court to determine if a factual basis has been established. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

Here, there is no question a factual basis regarding the Iowa violation for failure to register as a sex offender has been established by the record. In addition, Freland admits on the record that the Wisconsin statute, under which he was convicted, was "substantially similar" to the Iowa registration requirements.

*See State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005) ("The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element."). The only thing missing from the district court record is for the district court to have judicially noticed the Wisconsin statute that is substantially similar to the Iowa Code section.

Judicial notice may be taken at any stage of a proceeding. *See* Iowa R. Evid. 5.201(f) ("Judicial notice may be taken at any stage of the proceeding."). The applicable Wisconsin statute is a fact "not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." *See* Iowa R. Evid. 5.201(b). We therefore take judicial notice of the Wisconsin statute that Freland was found to have violated—Wisconsin Statute section 301.45(2)(e)(2m)—which provides in part:

> (e) . . . the person subject to sub. (1g) shall provide the information required under par. (d) in accordance with whichever of the following is applicable:
> 2m. If the person is registered as a sex offender in another state or is registered as a sex offender with the federal bureau of investigation under 42 USC 14072, within 10 days after the person enters this state to take up residence or begin school, employment or his or her vocation.

*See also State v. Freland*, 800 N.W.2d 18, 20 (Wis. Ct. App. 2011) (analyzing the Wisconsin statutory provision involved in Freland's conviction, reversing his conviction by finding Freland's guilty plea did not have a factual basis in the record because he plead guilty to a felony offense where he should have been properly charged with a misdemeanor, and remanding the case to the trial court).

Because we can now take judicial notice of Wisconsin Statute section 301.45(2)(d)(2m), we find a factual basis to support Freland's guilty plea and affirm his conviction.

**AFFIRMED.**